JONAS BERGER *et al.*

*v.*

JONAS PETERSON.

1. EVIDENCE—*in chancery, confined to case presented by the pleadings.* On bill to foreclose a mortgage given to secure a written agreement to repay a certain sum of money in case the same is not realized by the sales of a patent, etc., it will not be proper to go back of the mortgage and agreement to establish a debt upon which to base a decree of foreclosure, in the absence of allegations in the bill justifying the same.

2. CONTRACT—*construed.* Where a written agreement recites a sale and conveyance of an interest in a patent right for $1000 paid at the time, and provides that, if the vendee shall fail to realize that sum, within three years, from sales, the vendor will pay him back the price upon a reconveyance, and is silent as to what efforts shall be made to effect sales, the law will require a reasonable effort on the part of the vendee to make sales, taking into consideration his ability and pecuniary means to engage in the enterprise.

3. And where the sale was of a fourth interest in a patent relating to an invention in the making of organs, and the assignee was a foreigner, and unacquainted with our language, and nearly all his means were invested in the purchase: *Held,* that it could not have been the intention of the parties that the assignee should enter upon the manufacture of musical instruments under the patent.

4. If an inventor conveys a fourth interest in his patent to another for $1000 cash, and agrees, in writing, to repay the same in three years if that sum can not be realized from sales, upon a reconveyance, and it is shown that he prevented sales from being made, and that the grantee used reasonable exertions to realize his money from sales, according to his ability and

means, but without success, the grantor will be liable to repay the price paid, with six per cent interest after the end of the three years and the tender of a reconveyance to him, and the fact that the grantee had, prior to his tender, refused to reconvey, will not change the result.

5. OFFER TO PAY—*when no defense.* Where a contract does not provide for any forfeiture, a mere offer to pay an indebtedness created under it, and a refusal to accept, will not preclude the party from afterward enforcing payment.

6. The proof of a mere offer to pay money under a contract, without showing an ability to make the payment, can not be regarded as of any force in a suit for the money due.

WRIT OF ERROR to the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Mr. F.. S. MURPHY, and Mr. HOMER GAINES, for the plaintiffs in error. .

Mr. JONAS W. OLSON, for the defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in equity, brought by Jonas Peterson, in the circuit court of Knox county, against Jonas Berger and Guermina Berger, his wife, to foreclose a mortgage on certain real estate, executed to secure the payment of $1000, for which Berger had given Peterson an instrument of writing, which read as follows:

"WHEREAS, I, Jonas Berger, have, by my deed, bearing date the 6th day of May, 1868, sold and conveyed to Jonas Peterson one-fourth interest in my patent for improvements in melodeons and improvements in key-coupling musical instruments, and for which the said Jonas Peterson has paid me the sum of one thousand dollars: I now hereby agree that, in case the said Jonas Peterson shall fail to realize the said sum of one thousand dollars from the sales of said patent or instruments, made in pursuance of the same, within three years from this date, then, and in that case, I promise and agree to pay to him, the said Jonas Peterson, said sum of one thousand

dollars, upon his reconveying to me said interest so conveyed to him as aforesaid.

"Witness my hand, this 5th day of August, 1868.

"JONAS BERGER."

Prior to the filing of the bill, and in May, 1874, Peterson tendered Berger a reconveyance of the patent, and demanded the payment of the $1000. Berger refused to receive the deed, and declined to pay the money.

Upon the hearing, the court found there was due the complainant $1000, and interest thereon, at the rate of six per cent, from the 24th day of May, 1872, the time the deed was tendered, to the time of the rendition of the decree, June 25, 1875, making the sum of $1185, and rendered a decree directing a sale of the mortgaged premises, upon default of payment within a day named in the decree, to reverse which the defendant brings this writ of error.

It is clear, from the testimony, that Berger received of Peterson $1000.

It is insisted, on the one hand, that the money was loaned, and that the conveyance of the interest in the patent and the mortgage were given to secure the payment of the money. On the other hand, it is claimed that the transaction was an absolute sale, by Berger to Peterson, of a fourth interest in the patent, for $1000.

In the view we take of the case, it is not necessary to determine which of the two theories is the correct one.

The bill is brought to foreclose a mortgage given to secure the payment of the instrument of writing, *supra,* and, under the allegations of the bill, it would be improper, even if it was necessary, to go back of the mortgage and the instrument it was given to secure, to establish a debt upon which to base a decree of foreclosure.

By the terms of the instrument of writing set out in the bill, Berger agreed, in case Peterson failed to realize $1000, within three years, from the sales of the patent, or instru-

ments made in pursuance of the patent, he was to repay the $1000.

It is a fact, not in dispute, that Peterson never realized a single dollar from sales of the patent, or the instruments made under it.

It is, however, said Peterson failed to establish, from the evidence, a proper effort on his part to sell patent rights and instruments.

It will be observed that the instrument of writing is silent in regard to what effort shall be used by Peterson in order to realize from sales. The parties, by the contract, did not stipulate for any definite amount or particular kind of effort to be put forth by Peterson, or in what particular field of labor his exertions should be used.

Under such circumstances, the law would, no doubt, require a reasonable effort on the part of Peterson to realize from sales, at the same time taking into consideration his ability and his pecuniary means to engage in the enterprise.

The evidence shows that Peterson was born in Sweden, unacquainted with our language and not a business man. He was merely a day laborer. His capital was confined mainly to the money Berger had obtained.

That it was not the intention of either of the contracting parties that Peterson should enter upon the manufacture of musical instruments under the patent, is apparent from the fact that he was unacquainted with business of that character, and, besides, had no capital to invest in such an enterprise.

In regard to realizing from the sales of the patent, Peterson was, to a great extent, under the control of Berger. The deed made to him contained a provision that Peterson should never sell or dispose of the interest conveyed to him, without the written consent of Berger.

Peterson could spend his time and money in finding purchasers for the patent, but no sale could be consummated without the consent of Berger. Under this restriction, Ber-

ger had the undoubted power to prevent Peterson from realizing a single dollar from the sale of the patent.

That this power of Berger was exercised to prevent sales, is shown by the testimony of Olson, who was appointed an agent to make sales of territory. He says that Berger refused to sell for less than $50,000, and also refused to turn over the original patent. On this account, Olson, who was appointed by Peterson to sell the patent, did not sell or attempt to sell.

In addition to this, Peterson testified, in substance, that he purchased an instrument made under the patent, and tried to sell the patent right and instrument, but could not; that he spent both money and time, but could realize nothing.

It also appears, from other evidence, that Peterson was in Iowa and Nebraska, but the fruits of his labor were unavailing.

Under all the circumstances, the evidence of Peterson was sufficient to show a reasonable effort on his part to realize under the conditions of the contract. At all events, it was sufficient to shift the burden of proof upon the defendant, and require him to establish, by competent proof, that, by a reasonable effort on the part of Peterson, the money could have been realized. This, however, was not attempted.

It does not appear that Berger himself realized a dollar from the sale of the patent, or any considerable sum from the sale of instruments, since the mortgage was given. This tends to show that the patent was worthless, and that it was not through the fault of Peterson that he failed to realize the money named in the contract by a proper exertion.

It is, however, claimed by counsel of the defendant that, upon the expiration of the three years named in the instrument of writing, Berger offered to repay the $1000, and demanded a reconveyance, and Peterson refused to accept the money, and reconvey, and that the refusal of Peterson should now conclude him from enforcing the contract.

If Peterson failed to realize within the three years, then, under the contract, the defendant was indebted to him in the

sum of $1000. An offer of payment could not deprive Peterson of the right to enforce payment. The contract did not provide for a forfeiture.

But, independent of this, Berger did not offer the money. The money was not tendered, nor does it appear that he had the money ready to pay, in case Peterson was willing to accept it. A mere offer to pay money, unless the party making the offer has the ability to pay, can not be regarded as of any force.

It is said the decree is too large; that the court allowed too much interest. Upon an inspection of the decree, this position can not be sustained.

A reconveyance was tendered, and the money demanded, in May, 1872. The decree was rendered on June 25, 1875. The court allowed interest on the $1000, at the rate of six per cent, from the 24th of May, 1872, three years and one month, which was correct.

The position that the note and mortgage are without consideration, is not sustained by the evidence.

Upon a careful examination of the whole record, we are satisfied the decree of the circuit court is correct, and it will be affirmed.

*Decree affirmed.*