Richardson v. Clow.

## AMASA RICHARDSON ET AL.

### V.

## ROBERT CLOW, Conservator, etc.

1. RELEASE DEED—CREDIT BY WAY OF ADVANCEMENT.—Hadsell, the holder of the notes and mortgage, was an old man, without wife or child. On the day the release of the mortgage is dated, he wrote on the back of the mortgage, "I hereby agree to allow Martha Richardson, wife of Amasa Richardson, a niece of mine, $1,200 in my will, and if her equal share should not amount to that sum, to take the amount out of the whole pile." *Held*, that the $1,200 was only intended as a gift or advancement and was without any consideration and could not be placed as a credit on the note and mortgage.

2. CONSIDERATION OF DEED—WHEN IT MAY BE INQUIRED INTO.—That the consideration of a deed for the conveyance of real estate may be inquired into for all purposes, collateral or between the parties to the deed, except to show that there was no consideration to support it, but this cannot

be inquired into. The recitals are conclusive on this point. The consideration expressed in a deed may be contradicted and explained by parol evidence, and especially would it be so when it is sought to apply that consideration to the satisfaction of the mortgage as to the other portion of the land not released as in this case.

3. DELIVERY OF DEED.—That where a grantor places a deed in the hands of a stranger for the grantee and no restrictions are imposed on its delivery, such an act is sufficient to give the deed full effect. Here the release was delivered to Wm. H. Richardson, the agent of Martha Richardson, with the intention to have it pass the title at once to Levi A. without any condition coupled with its delivery. The delivery was complete.

APPEAL from the Circuit Court of Will county; the Hon. JOSIAH McROBERTS, Judge, presiding. Opinion filed April 6, 1881.

Messrs. W. H. RICHARDSON & BROTHER, for appellant; that the delivery of a deed to the agent is a delivery to the principal, cited Wheelwright v. Wheelwright, 3 American Decisions, 66 ; Furgeson v. Miles, 3 Gil. 363 ; Duringer v. McConnell, 41 Ill. 228; Jayne v. Gregg, 42 Ill. 413; Blake v. Fash, 41; Ill. 302.

The delivery will be presumed to have been on the day the deed bears date, and the parties are estopped by the recitals: Wincoop v. Cowley, 21; Ill. 570; Kimball v. Walker et al. 30; Ill. 482;

A release under seal may be pleaded in satisfaction of a larger sum than was actually paid : Kingsley v. Kingsley, 20 Ill. 208.

Messrs. BROWN & MEARS, for appellee; that the allegations and proof must correspond, cited Morgan v. Smith, 11 Ill. 194; Oling v. Luitzans, 32 Ill. 66; Moore v. Filman, 35 Ill. 310.

Excluding the deposition of Alfred, worked no injury and therefore would be no ground of reversal : Rowley v. Hughes, 40 Ill. 316; Ryan v. Brant, 42 Ill. 78.

Alfred being in possession was a necessary party: Suite v. Turner, 10 Iowa, 517; 2 Jones on Mortgages, Secs. 1396 and 1413.

Richardson v. Clow.

LACEY, P. J. Robert Clow was the conservator of Wm. Hadsell, who was old and imbecile, and brought this suit in equity to foreclose a mortgage executed by Levi P. Richardson on the west half of the northeast quarter, and the east half of the northwest quarter of Sec. No. 10 T. 32, N. R. 10, east, 3d P. M., which land Hadsell had previously deeded to the mortgagor. The notes were for $2,360 29-100. One note for $2,000 and the other for $360 29-100. The mortgage and notes were dated Dec. 1st, 1865. One note due Dec. 1st, 1868, and the $2,000 note, due Dec. 1st, 1871, drawing 9 per cent. interest from date. This bill was filed Dec. 6th, 1878. The mortgagor was made a party, together with Martha and Amasa Richardson, his father and mother, who were in possession, and Martha claiming to own the equity of redemption of the land derived by and from her son Levi A., the mortgagor, and Alfred Richardson, who was a tenant on the land of Martha, and Amasa, his father. The validity of the mortgage is not disputed. But the answer sets up and claims that Martha Richardson, her husband and sons acting as her agents, had made payments on the notes from time to time until they had been more than paid in full.

Also that Wm. Hadsell had executed a release deed releasing the mortgage on the east half of the N. W. qr. of the section which release is in evidence and bears date, the 30th day of January A. D. 1874 ; and purports to be for the consideration of one dollar and for other good and valuable considerations, to wit, twenty two hundred dollars, which is set up as a bar to the foreclosure on that portion of the land. Martha Richardson also files a cross-bill setting the same matters, and asking that the mortgage be canceled as to the other eighty not released, and for a decree over for the amount claimed to be overpaid.

The court after hearing the evidence found that there was yet due on the mortgage the sum of $2,169 68-100 and decreed that all the land described in the mortgage be sold to satisfy it, holding in regard to the release that it was invalid for two reasons. 1st, for want of delivery, and 2nd, for want of consideration.

From this decree the appeal is taken and various causes assigned for error and especially that the decree was for too much, and that the court held the release to the west eighty inoperative and void.    There was a credit that appeared on the mortgage of twelve hundred dollars and probably had been on the note of $2,200, of date Jan. 30, 1874, the same date of the release.    The evidence shows that at the time the release was executed, Wm. H. Richardson, one of the sons of Martha, paid on the note, for Martha, his mother, one thousand dollars in money, and that Hadsell agreed to credit this note with $2,200. It is averred in the answer and cross bill that this twelve hundred dollars was allowed by way of advancement.    Hadsell being an old man, some 80 odd years old, having no wife or children and that Martha Richardson was his niece.    It is entered on the mortgage as of the same date of the release, in the handwriting of Hadsell, " I hereby agree to allow Martha Richardson, wife of Amasa Richardson, a niece of mine, twelve hundred dollars in my will; and if her equal share should not amount to that sum to take the amount out of the whole pile." The court below allowed only the one thousand dollars cash payment on the note and rejected the balance, and this is also assigned for error.    In this we think the court did not err. The answer admits that the credit was only an advancement. We hold that the twelve hundred dollars was only intended as a gift and was without any consideration, and cannot be pleaded as a credit on the note and mortgage.    It is claimed that the recital in the lease as to the consideration cannot be contradicted ; but the consideration expressed in a deed may be contradicted and explained by parol evidence, and especially that would be so when it is sought to apply that consideration, so expressed to satisfaction of mortgage as to the other portion of the land not released. Even if the consideration could not be contradicted so as to defeat the release, it would not follow that it could not be explained when attempted to be applied as payment on the notes : Stone v. Duvall, 77 Ill. 475 ; Seders v. Riley, 22 Ill. 109 ; Benjamin v. McConnel, 4 Gil. 536 ; Herman on Estoppel, Sec. 246, page 267.   The court below was authorized

to reject the proposed credit of twelve hundred dollars, as being a mere intended gift, and a credit without consideration. No gift is complete without delivery ; a mere unexecuted promise to give is void, and not enforceable either in law or equity. A promissory note executed and delivered by a party as a gift is not enforceable against the maker's estate, for want of a consideration to support it. The promise to pay money is no more a ground of action than the promise to deliver a chattel as a gift. Bonds and notes of third parties, may be the subject of gift, and when actually delivered the gift complete. So long as there exists the *locus pœnitentiœ* the gift is incomplete. A credit on a promissory note entered without consideration, is not a complete gift within the meaning of the law. It is in substance a promise that when the note is finally surrendered, the payee will not demand the full face of the note, by the amount indicated as a credit, and the credit is given as an earnest of that intention. The note itself is not surrendered, even if the surrender of one's own note could be regarded as a gift. It remains in full force and effect by its terms, and is under the full control of the payee. He has the right to repent and erase the indorsement : Blanchard v. Williamson, 70 Ill. 647 ; Schouler on Personal Property, 109, prove this principle.

The point made by counsel that there was a consideration for the credits in that it is contended that Hadsell promised to credit the note with $2,200 in case he, W. H. Richardson, a third party, would step in and borrow enough to make up a thousand dollars to pay Hadsell is not tenable for the reason that the evidence shows that W. H. Richardson was acting throughout the whole transaction as the agent of Martha Richardson, for her, and as such Hadsell dealt and made his propositions: such is the statements of the answer and cross bill. It is stated that the twelve hundred dollars was given as an advancement. That is the only consideration claimed in the answer. However, the court held that there was no delivery of the release from Hadsell to Levi A. Richardson the mortgagor.

In this we think there was error.

There is no controversy about the facts of the delivery. The release was delivered to Wm. H. Richardson, the agent for Martha Richardson, with intention to have it pass the title at once to Levi A. and for him without any condition coupled with its delivery. Nothing further was to be done. The delivery was intended to be complete. The rule applicable in such case, is laid down by Justice Walker in Ramson v. Fox et al. 65 Ill. 200, in deciding which he says: "The rule is familiar that where a grantor places the deed in the hands of a stranger for the grantee, and no restrictions are imposed on its delivery, such an act is sufficient to give the deed full effect."

Also by Justice Sheldon in Henrickson v. Hodgen et al. 67 Ill. 179, where he says: " We are inclined to believe, from the evidence, that Latham did execute the deed, and that with his assent it was left in the hands of the witness, Wyats, for Henrickson (who was the grantee in the deed), where it remained several years until it became lost. This would amount to a delivery from Latham to Henrickson." To the same effect are Tunnell v. Cocherell, 79 Ill. 79; Stone et al v. Duvall et al. 77 Ill. 475; Young v. Stearns, 3 Bradwell, 498; Morison v. Kelley, 22 Ill. 619. In the last case cited it is laid down as a rule of law, "that the delivery of a deed to a person who has an interest in the land, although not the grantee, is operative to pass the title."

Apply that rule to this case : Martha Richardson had had the possession of the land for several years, claiming it as her own and making large payments on the mortgage in order to clear it from incumbrance. Certainly this is enough without showing any deed from Levi A. Richardson to her to show that she had some interest in the land.

Possession of land is evidence of title. Hadsell recognizing her interest executed the release at her request to Levi A., so that she might have that much of the land clear from incumbrance.

She might have taken the release to herself for her own benefit, but she, claiming the land as purchaser from Levi A., had the release deed executed as it was. Under either rule above laid down we think there was a valid delivery.

Richardson v. Clow.

The court below also erred in holding that there was no consideration for the release, and that it was void. It is true that there was no actual money paid for the release save one thousand dollars paid by W. H. Richardson, as the agent of his mother, and that amount and more was due on the note. But the release recites that the consideration was one dollar, and other valuable considerations, to wit, twenty two hundred dollars. The rule of law is that the consideration of a deed for the conveyance of real estate may be inquired into for all purposes collateral or between the parties to the deed, except to show that there was no consideration to support it. This cannot be inquired into.

The recitals are conclusive on this point. In Ill. Cent. In Co. v. Wolf, 37 Ill. 354, Justice Lawrence lays down the rule in the following language. The recital in a deed of the payment of consideration is only *prima facie* evidence of such payment, and may be contradicted or explained. Ayers v. McCormick, 15 Ill. 230. Kimball v. Walker, 30 Ill 482. All the court held in these cases was that parol evidence might be received for the purpose of contradicting the acknowledgment in a deed of payment of the consideration where the object and effect of such evidence were not to vary the legal import of the deed. For example, the deed for the conveyance of lands, the recital of payments of consideration, may be controlled provided it is not sought by such evidence to impair the effect of the deed as a conveyance.

But we know of no case, nor do we think any case can be found, in which it has been held that the acknowledgment of the payment may be contradicted by parol, for the purpose of making the deed null.

This distinction is taken in the case in 30 Ill. above cited; To the same general effect, see Herman's Law of Estoppel, sec. 246, p. 267 ; 3 Wash. Real Property, marginal pages 619, 328 . Rawle on Covenants for Title, p. 258 ; Douglass v. Littler, 58 Ill. 342 ; Stone et al. v. Duvall et al. 77 Ill. 475. By this it is seen that the release has a consideration recited which is not open to question by any parol evidence. The lease is a good one. But even were this not the case, it is difficult to

see how in accordance with the allegations of complainant's bill, the consideration can be attacked. The answer sets up the lease, yet there are no allegations in the complainant's bill to show the lease is void for want of consideration, or for any other cause. If relief was desired against such a release, some complaint should be made of it in the bill. Helm v. Cantrell et al. 59 Ill. 524 ; Page v. Greeley, 75 Ill. 407; Tuck v. Downing, 76 Ill. 71 ; Berger v. Peterson, 78 Ill. 633.

It is not enough that the evidence makes out a case; there must be corresponding allegations in the pleadings, and in the bill where relief is sought.. There is but one more question, and that is in regard to the credits that respondents, now appellants, are entitled to be allowed on the notes. We have looked into the proofs somewhat, and find that the credits claimed are numerous, and the evidence somewhat conflicting.

From the evidence it would require great labor to pick out and adjust the account ; and as the decree must be reversed for other reasons we will not undertake it. This case should be referred to the master in chancery to take and state an account, and make a finding of the balance, if any, due on the notes, confining himself to the items set up in the answer, preserving in his report an itemized account of the items allowed as a credit, with the date allowable as well as those rejected ; so that exceptions may be taken, if desired, to any portion of the master's report. For the errors enumerated above, the decree is reversed and the cause remanded, with directions to the court below to proceed in accordance with this opinion with leave to amend pleadings. Decree reversed and cause remanded.

Reversed and remanded.