Chaffin *v.* Heirs of Kimball.

JEFFERSON CHAFFIN, Plaintiff in Error, *v.* THE HEIRS OF JAMES KIMBALL, Defendants in Error.

ERROR TO MARION.

The allegations and proofs in a proceeding in chancery, must correspond.

Before a decree can pass against an infant, full proof to support it should be preserved in the record.

The answer of a guardian *ad litem*, although it should admit that the charges in the bill are true, will not sustain a decree against an infant, but full proof should be made in its support.

A default, or a decree *pro confesso*, should not be entered against an infant.

THIS was a bill in chancery filed by Kimball (now deceased) against Elias Chaffin and Jefferson Chaffin (Elias now deceased), praying that a commissioner be appointed to convey S. W. ¼ of N. E. ¼ Sec. 7, Town. 2 N., R. 2 E., in Marion county, containing forty acres.

Bill shows that complainant had some improvements on said tract of land, and that afterwards one Randall entered it from Government, and afterwards sold it to Clark Vermillion, who sold it to Elias Chaffin in 1846, the latter paying for it with his own goods and chattels, but the deed was, by Elias Chaffin's order, made to Jefferson Chaffin, a minor, and son of Elias.

Bill further charges that Kimball had (at the time of filing his bill) a *bona fide* debt due from Elias Chaffin, on which judgment had been rendered by George E. Lester, a justice of the peace, and makes an exhibit of transcript, etc., showing judgment against Elias Chaffin, John Myers and Peter Myers, for $68.45, on the 12th of January, 1847. That on the 8th of February, 1847, Elias Chaffin sold said land to (Kimball) complainant, as per a certain writing obligatory, made exhibit of by bill, for $60. Bill prays summons, and that defendants answer under oath, and prays that a commissioner be appointed to make a deed to Kimball for said lands so purchased, etc.

With the bill is filed an exhibit, showing a parol contract for sale of said lands by Elias Chaffin to Kimball, for $60, to be paid as follows: "The debt I owe to Kimball is to be deducted from said $60, the balance to be paid as soon as I (E. Chaffin) can get authority, etc., to make deed."

Contract dated 8th February, 1847.

Transcript of judgment from G. E. Lester, justice of the peace, in favor of Kimball, against Elias Chaffin, John Myers and Peter Myers, for $68.45.

Summons against defendants, dated 26th February, 1847, and returned served, etc.

Deed from Clark Vermillion to Jefferson Chaffin for the above land, dated 24th December, 1846. Consideration: one hundred dollars to him paid. Warranted, etc. Acknowledged in due form before George E. Lester, justice of the peace. Filed for record, 24th December, 1846.

On 8th March, T. F. Houts appointed guardian *ad litem* for minor.

Files his answer in usual form.

On 9th March, rule entered that minor have guardian *ad litem* appointed, and that he and Elias Chaffin answer by to-morrow morning; defendant Elias in default (the order or decree being on the 9th), ordered that the bill be taken for confessed as to them, and decree that U. Mills be appointed commissioner to make deed as prayed, from said minor to said Kimball.

HAYNIE & PARRISH, for Plaintiff in Error.

U. MILLS, for Defendants in Error.

BREESE, J. This case has nothing to stand upon, and the decree rendered in it must be reversed, and the bill dismissed. In the first place, no sufficient case is made out by the bill. In the second place, no proof is offered to sustain such facts as are stated in the bill. In the third place, a decree *pro confesso* is taken against the principal defendant, then a minor, without the slightest proof against him. In the fourth place, a total absence of all equity on the part of the complainant as against the minor defendant, the plaintiff in error here. And lastly, the case as made by the bill, and as made out by the proofs, such as they are, do not correspond. We are at a loss to perceive any grounds on which the decree can be sustained. To be more particular. The bill alleges a sale of the land by one Clark Vermillion, to Elias Chaffin, the adult defendant, and payment for the same by him out of his own goods, etc. The deed from Vermillion is made an exhibit, and shows a sale of the land to Jefferson Chaffin, for the consideration of one hundred dollars paid by him. The bill alleges that Jefferson Chaffin was a minor son of Elias Chaffin, of which there is no proof. There is no proof that Elias Chaffin directed Vermillion to make the deed to Jefferson Chaffin, as alleged in the bill. The bill also alleges that Elias Chaffin sold the land to the complainant, Kimball, by his " writing obligatory," which is referred to as an exhibit, and is found to be a parol agreement simply.

The case not being made out by the proofs, as stated in the bill of complaint, a decree cannot be had, no matter how favor-

able the case may be for the complainant. · *Rowan* v. *Bowles et al.*, 21 Ill. R. 17.

But we think no case is made out against the plaintiff in error. It is a well settled principle often recognized by this court, that before a decree can pass against an infant defendant in chancery, full proof must be made against him, and that proof preserved in the record or decree. No presumption can be indulged, that proof was made against the infant defendant, unless it is shown by the record. The answer of a guardian *ad litem,* admitting the truth of the charges in the bill, cannot affect the infant's rights, but with respect to him all the allegations must be proved with the same strictness as if the answer had interposed a direct and positive denial of their truth, nor can a default or a decree *pro confesso* be entered against an infant. *McClay et al.* v. *Norris,* 4 Gilman, 370 ; *Cochran* v. *McDowell,* 15 Ill. R. 10 ; *Greenough* v. *Taylor,* 17 ib. 602 ; *Tuttle* v. *Garrett,* 16 ib. 354 ; *Hitt* v. *Ormsbee,* 12 ib. 169 ; *Masterson* v. *Wiswould,* 18 ib. 49 ; *Reavis & Reavis* v. *Fielden,* ib. 77.

There is an entire absence of proof to charge the infant defendant in this case, and the decree should be reversed for that reason.

But there is another ground, going to the whole merits of the case, which must bar a decree for complainant. The bill is filed, not to subject the land to the payment of the judgment in favor of *Kimball* v. *Elias Chaffin* on the justice's docket, but it is filed by one pretending to be a purchaser of the land from a party not the legal owner, and for a conveyance of the land under such purchase.

The facts show, that the judgment against Elias Chaffin was rendered January 12th, 1847, and the contract executed by him to convey the land to Kimball, is dated February 8, 1847. The deed of the land from Vermillion to Jefferson Chaffin is dated and filed for record December 24, 1846, and was notice to Kimball that the legal title was not in Elias but in Jefferson Chaffin, and that the consideration for the deed moved from Jefferson. The contract given by Elias Chaffin to Kimball of the 8th of February, 1847, stipulates, that the balance of the purchase money, after taking out his debt due to Kimball, is not to be paid by Kimball until he, Elias Chaffin, can obtain authority from the Circuit Court, empowering him to convey the land and make a good warranty deed and deliver it to Kimball, and application for authority was to be made to the next term of the Circuit Court.

There is no evidence that the balance of the purchase money has been paid to Elias, or that application was made to the Circuit Court for authority to sell and convey land, not the

property of the applicant, and it is very questionable if the Circuit Court would have entertained a bill for such purpose.

If the complainant bases his claim on the fact that he is a purchaser for a valuable consideration, he must not only show that he has paid the consideration, but that at the time of purchase, he had no notice of any adverse claim. Though it may be, that the deed to the son, was a voluntary settlement on the part of Elias, upon him, of the land, still it ought to prevail against a subsequent purchaser with full notice of the fact. This seems to be the better view of a subject much discussed. *Sterry* v. *Arden*, 1 Johns. Ch. 269; Atherly on Marriage and Family Settlements, 178—198.

But we do not think the facts show that this transaction is in the nature of a voluntary conveyance from a father to his infant son. There is no proof whatever, connecting Elias Chaffin with the purchase of the land, or the payment of the purchase money. The deed admits the purchase money, as coming from Jefferson Chaffin, and there is no proof to gainsay or contradict the recital in the deed.

The whole case seems barren of any fact to raise an equity in favor of complainant, and accordingly we reverse the decree and dismiss the bill.

*Decree reversed.*