DAVID W. WISE, Administrator of Bond.

*v.*

WILLIAM H. TWISS, Administrator of M. N. TWISS.

1. ALLEGATIONS AND PROOFS—*in chancery.* On a bill filed to enjoin the collection of a judgment, on the allegation that the judgment was satisfied by the conveyance to the plaintiff of a certain town lot, and the deed given in evidence described a different lot, it was *held*, as the allegation and proof in respect to the description of the lot conveyed, did not correspond, the relief sought could not be granted.

2. AMENDMENT OF BILL—*where the proof does not conform to the allegation.* In such case, if the deed offered in evidence was really designed by the parties as a satisfaction of the judgment sought to be enjoined, but, by mistake, described the wrong lot, the complainant should have leave to amend his bill, so that the mistake could be properly corrected, if no other rights had intervened, and then enjoin the collection of the judgment.

WRIT OF ERROR to the Circuit Court of Clinton county; the Hon. SILAS L. BRYAN, Judge, presiding.

The opinion states the case.

Messrs. VAN HOOREBEKE & GRAY, for the plaintiff in error.

Mr. W. STOKER, for the defendant in error.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

This was a bill in chancery, filed by Twiss against Parmenas Bond, as surviving partner of the firm of Parmenas and Richard S. Bond, to enjoin the collection of a judgment recovered by them against Twiss. The bill alleges the judgment was satisfied by the conveyance by John Brown, as trustee of Sanger, Camp & Co. of lot one in block sixteen in Sanger, Camp & Co's addition to the town of Trenton, in Clinton county. On the hearing, the complainant, to sustain his bill, the allegations of which had been denied by the answer, introduced the depositions of two witnesses, who testified they had heard Twiss and Richard S. Bond make a verbal agreement by which the judgment was to be satisfied by a conveyance of the above named lot. The complainant also put in evidence an unrecorded deed conveying to Parmenas and Richard S. Bond, not the lot described in the bill and in the depositions of the witnesses, but a lot in the original town of Trenton. There is no evidence that this deed, which was produced by complainant on the hearing, was ever accepted by either of the grantees. The complainant has, therefore, totally failed to sustain the allegations

of his bill, and the court erred in decreeing in his favor. If such a conveyance as that described in the bill was to be made by agreement of the parties in satisfaction of the judgment, and if the deed introduced in evidence was, in fact, made in pursuance of such agreement, and accepted by the defendants, the mistake in the description not being detected, the complainant should have leave to amend his bill for the purpose of setting forth the facts as they occurred, and having made Sanger, Camp and Brown parties, should ask the court to correct the deed, if no other claims to the lot have intervened, and then enjoin the collection of the judgment.

The decree of the court below is reversed and the cause remanded.

*Decree reversed.*