MARTHA SLOCUM

V.

OLIVER SLOCUM ET AL.

1. TRUST.—The court is of opinion that the evidence fully establishes the fact that the property in question was purchased by plaintiff in error's husband, with her money, and a resulting trust created in her favor.

2. POSSESSION AS EVIDENCE OF TITLE.—Where the husband of plaintiff in error purchased property with money furnished by her, but took the deed in his own name, occupied the premises for a number of years, and then mortgaged such premises to secure his individual debt, *held*, that the legal title and actual possession being in the husband, the mortgagee should not be held to a constructive notice of the equities of the wife.

3. ALLEGATIONS AND PROOF.—A complainant cannot allege one case in his bill and make proof of a different case. So, where the allegation was that the mortgage had been given with notice to the mortgagee of complainant's equities, and was a cloud upon her title, proof that the mortgage and notes were given to compound a felony was not proper. There can be no issue in a matter of fact unless it is first raised by the bill.

ERROR to the Circuit Court of Livingston county; the Hon. FRANKLIN BLADES, Judge, presiding. Opinion filed July 12, 1881.

Mr. L. G. PEARRE, for plaintiff in error upon the question of a trust and how the same may be proved, cited Gillman v. Hamilton, 16 Ill. 225; Cooper v. McClun, 16 Ill. 435; Barker v. Barker, 14 Wis. 131; Nichols v. Thornton, 16 Ill. 113; Bruce v. Roney, 18 Ill. 67; Lear v. Choteau, 23 Ill. 39; Loomis v. Loomis, 28 Ill. 454; Sheldon v. Harding, 44 Ill. 68; Holmes v. Holmes, 44 Ill. 168; Latham v. Henderson, 47 Ill. 185.

A trustee cannot mortgage to secure his own debt: Durkee v. Stringham, 8 Wis. 1.

Messrs. WALLACE & TERRY, for defendant in error, Peterson; that a complainant must stand by the case he makes by his bill, cited Helm v. Cantrell, 59 Ill. 524; Page v. Greeley, 75 Ill. 400; Tuck v. Downing, 76 Ill. 71; Berger v. Peterson, 78 Ill. 633.

LACEY, P. J.  The plaintiff in error is the wife of Oliver Slocum.  She charges in her bill that she was the owner and possessor of certain moneys in her own right, and that she entrusted the same to the care and custody of her husband, to purchase a homestead for her.  That her husband, instead of carrying out her instructions, used the money to purchase a homestead, being certain lots in the town of Dwight, in Livingston Co., the property in controversy, and took a deed therefor in his own name, and has held the title ever since, against her wishes, refusing to convey it to her.

That in April, A. D. 1878, without the knowledge or consent of plaintiff in error, the said Oliver Slocum, to secure an indebtedness or pretended indebtedness of his own, gave to defendant in error, George Peterson, a sale mortgage for three hundred dollars; that the mortgage was duly recorded, etc., and was given without the privity or consent of plaintiff in error.

She charges that at the time of the execution of the said mortgage, the said Oliver Slocum had no interest in the said property, and that the said mortgage is a cloud upon her title. That said George Peterson still holds said mortgage, and that the notes thereby secured are due, and are also held by the said George Peterson, to whom they were originally made payable.  That she has been for three years last past in the possession of the property, etc.

Upon these allegations she prays for relief, that the court will decree that Oliver Slocum holds the title to the property described, in trust, for plaintiff in error, and that he shall reconvey the legal title to said property to the complainant ; that said mortgage in said bill mentioned be decreed a cloud on the plaintiff in error's title, and that the same may be removed, and said Peterson compelled to release the same.

The court below, on final hearing, decreed that defendant in error, Oliver Slocum, held the property in controversy in trust for plaintiff in error.  That said George Peterson held a mortgage on the same for $483, given by Oliver Slocum prior to the filing of the bill for a debt due from said Slocum to said Peterson, and dismissed the bill to Peterson, and decreed Oliver

Slocum to pay the costs. The errors assigned by plaintiff in error are :

1. That the court below erred in not decreeing that Peterson should release said mortgage as a cloud on her title.

2. That the court erred in dismissing the bill as to George Peterson, in finding that said Peterson held the title to said premises without notice to complainant's rights, and erred in not granting all the relief prayed for in the bill.

It will be seen from this statement that the court below granted all the relief asked for except decreeing that the mortgage should be removed as a cloud upon the title. That the action of the court in that particular is the only matter complained of. The deed for the property in question was obtained in 1874, and after, a house was built on the lots with the money of plaintiff in error; they occupied them as a homestead some three and one-half years, until the giving of the mortgage by Oliver Slocum to George Peterson, in 1878. At the time the mortgage was given the plaintiff was in Toledo, Ohio. While we think that the property was equitably that of the plaintiff in error, yet from the fact that the husband had possession of the lots for so long a time, claiming them as his own while the legal title was in him, we are constrained to hold that the defendant in error, Peterson, should not be held to constructive notice of the equities of plaintiff in error.

The possession, coupled with the fact of the title being in the husband, we hold was that of the husband and not the wife. That is the way it would appear to the public and those dealing with Oliver Slocum, with reference to the lots.

The deed being in the husband's name for so long a time would still add force to such an appearance. The homestead of the wife was not conveyed, she not joining in the mortgage. We see no error committed by the court below in holding the mortgage valid, and George Peterson cannot complain of the action of the court in giving the title to plaintiff in error so long as his mortgage was held to be valid, and the bill dismissed as to him.

Another question is raised by plaintiff in error, to the effect that three hundred dollars consideration of the two notes de-

Slocum v. Slocum.

scribed in the mortgage, one for $200 and one for $283, was illegal and void, and should have been so declared by the court below, for the reason that it was given at least in part to compound a felony. The defendant, George Peterson, sets up in his answer, that in the spring of 1878 he was a married man, residing with his family in the village of Dwight.

That his wife was a woman of frail physical organization and in delicate health; that Oliver Slocum * * * during respondant's absence, went to his residence, and while defend-ant in error's wife was alone, without protection, by brute-force, succeeded in overpowering her, and by means thereof, had criminal intercourse with her.

That this wrong to defendant in error, so far as it could be-done in dollars and cents, was adjusted between him and-Oliver Slocum for $300, and the notes were executed, etc., in-cluding the said $300. Oliver Slocum, also, while on the wit-ness stand, introduced in evidence a receipt from George and Florence Peterson, showing the nature of the transaction,. which receipt is as follows, to wit:

## Exhibit "A."

In consideration of a written confession and declaration by Oliver Slocum, of Dwight, Illinois, in which he admits hav-ing, in an unwarrantable and grossly improper manner, had recently sexual intercourse with the undersigned, Florence Peterson, and in which he also exonerates her from all blame in the matter, and declares her innocent of any intentional wrong, and apologizes humbly for his conduct. And in further consideration of the sum of three hundred dollars, to us paid, we do hereby promise and agree to refrain from any prosecution or criminal proceeding whatever, against said Oliver Slocum, and we hereby release all civil actions and suits, and causes of actions and suits, which we, or either of us may have in consequence of such outrageous conduct, against said Oliver Slocum, regarding and admitting said confession and apology, and said money payment as satisfact-tory compensation.

Dated at Dwight, Illinois, this 12th day of April, A. D. 1878. Signed and acknowledged in presence of

W. H. BRADBURY,   [SEAL]

Notary Public.

GEORGE PETERSON.    [SEAL]

FLORENCE PETERSON.   [SEAL]

The defendant in error, Slocum, makes no other or further explanation of the occurrence of which the receipt in evidence speaks, further than to say that the three hundred dollars mentioned in the receipt, was a part of the consideration mentioned in the notes secured by the mortgage in question.

From the allegation of the answer and the statements contained in the receipt, we are in great doubt as to whether the outrage in question amounted to the crime of rape in law or not.

But according to the view we take of the case, we think it immaterial as to its proper disposition, whether a crime was compounded or not, or whether the notes were without consideration to the extent of $300 or not.

The bill, it will be seen, contains no averments of any want of consideration of the notes, on account of having been given to compound a felony or otherwise.

It is not prayed to have the notes cancelled and mortgage satisfied on any such ground as this. The only claim in the bill is, that the lots in equity belonged to plaintiff in error, and that they had been mortgaged by Oliver Slocum to Peterson with notice of her equities, and that therefore the mortgage was a cloud upon her title. There is no allegation or charge that the note and mortgage were given by her husband to compound the crime of rape or any other felony committed by the latter.

No such issue has been made by the pleadings. It is not enough that it be raised by the answer. There can be no issue on any matter of fact, unless it is raised by the bill.

In the case of Helm v. Cantrell, et al. 59 Ill. 524, the allegations in the bill were that Rowell and Contrell executed the note as partners. The proof showed that the note was not executed by them as partners, the firm having been dissolved

more than six months prior to the execution of the note.    The court held that such allegation could not be sustained by proof that Contrell, after the execution of the note by Rowell, in the firm name of Rowell & Co., of which Contrell was a member, ratified Rowell's acts.    The court say the rules in chancery that prevail in this country · are:    "That every fact essential to the plaintiff's title to maintain the bill and obtain the relief, must be stated in the bill, otherwise the defect will be fatal, for no facts are properly in issue unless charged in the bill, and of course no proofs can be generally offered of facts not in the bill, nor can relief be granted for matters not charged, although they may be apparent from other parts of the pleadings and evidence, for the court pronounced its decrees *secundum allegata et probata.*"    Helm v. Cantrell, et al. 59 Ill. 524; Page v. Greely, 75 Ill. 401; Tuck v. Downing, 76 Ill. 71; Berger v. Peterson, 78 Ill. 633; Chaffin v. The Heirs of Kimball, 23 Ill. 36; Moffit v. Clements, 1 Scam. 384.

A complainant cannot allege one case in his bill, and make proof of a different case.    His allegations and proofs must correspond.    White v. Morrison, 11 Ill. 361; Rowell v. Bawles, 21 Ill. 17; Wise v. Twiss, 54 Ill. 301; Harrison v. Nixon, 10 Peters; Boon v. Childs, 10 Pet. 177; Doyle v. Teas, 4 Scam. 202; McKay v. Bissett, 4 Gilm. 499; Morrison v. Tillman, 81 Ill. 607.

Where a party sets up a claim to equitable relief by his bill under the seven years limitation law, without any allegations that he relies on the twenty years Statute of Limitations, proof of limitation under the latter statute will not be admissible.    Farrar v. Payne, 73 Ill. 82.

It has been held in a number of very important cases, by our Supreme Court, " that it is not enough that the proofs taken by the master show a case, they cannot supply the want of allegations in the bill.    The decree must be according to the allegations as well as proofs, and unless the bill states sufficient facts to warrant the decree, it cannot stand.    Smith v. Brittenham, 3 Bradwell, 62.

We think clearly that as the bill does not attack the consideration of the notes, any proof going to invalidate the notes

for want of consideration, should be excluded.   It follows that the court below committed no error in rendering the decree. The decree is, therefore, affirmed.

Affirmed.