W. H. KEELING, APPELLEE, v. T. C. HOYT ET AL., APPELLANTS.

[FILED FEBRUARY 24, 1891.

1. **Mortgages:** ACKNOWLEDGMENT. A certificate of acknowledgment to a real estate mortgage which does not show that the mortgagor voluntarily executed the instrument is invalid.

2. ——— : ——— : CONSTRUCTIVE NOTICE. The record of a real estate mortgage which is not legally acknowledged does not operate as constructive notice.

3. A **voluntary deed** is valid as to a subsequent purchaser with notice.

4. An **unrecorded deed** is good against everybody except creditors of the grantor, and subsequent purchasers without notice of the first conveyance.

APPEAL from the district court for Richardson county. Heard below before BROADY, J.

*Marquett, Deweese & Hall,* and *E. W. Thomas,* for appellant, Lincoln Land Co., cited: *Spitznagle v. Vanhessch,* 13 Neb., 338; *Becker v. Anderson,* 11 Id., 497.

*J. D. Gilman, contra,* cited: *Merriman v. Hyde,* 9 Neb., 113; Wait, Fraud. Con., 146–7; Snell, Eq. [1st Am. Ed.], 35, 83; Perry, Trusts, 219, 220; 1 Story, Eq. Jur., secs. 108, 109, 432*b* and 631; 2 Id., 1199; *Frakes v. Brown,* 2 Blackf. [Ind.], 295.

NORVAL, J.

This is an action to foreclose a mortgage upon lots in the town of Rulo in Richardson county, given January 27, 1883, by T. C. Hoyt and wife to W. H. Keeling. The Hoyts, The Lincoln Land Company, and numerous others were made defendants.

The Lincoln Land Company, claims title to a portion of the lots described in the mortgage by virtue of a warranty deed bearing date January 3, 1883, but which was not recorded until May 16, 1883. A decree of foreclosure was rendered as prayed, and the plaintiff's mortgage was given priority over the deed to the Lincoln Land Company.

The only question raised in this court is, Which instrument is entitled to priority? The mortgage was given for money loaned by the plaintiff to T. C. Hoyt. It bears date subsequent to the deed made by Hoyt and wife to the Lincoln Land Company, but was placed on record several months prior to the recording of the deed; but it is

claimed that the mortgage was not properly acknowledged. If so, it was not entitled to record, and the mortgagee is not protected by the recording of the same. (Comp. Stats., chap. 73, sec. 17; *Hooker v. Hammill*, 7 Neb., 231.)

The following certificate of acknowledgment is appended to the mortgage:

"STATE OF NEBRASKA,  } ss.
"COUNTY OF RICHARDSON. }

"On this twenty-seventh day of January, in the year one thousand eight hundred and eighty-three, before me, the subscriber, personally appeared Tyler C. Hoyt and Amelia Hoyt, to me known to be the same persons described in and who executed the foregoing instrument, and acknowledged that they executed the same.

"[SEAL.]                              JOHN GAGNON,
                                         *"Notary Public."*

To satisfy the demands of the statute the mortgagor must acknowledge the instrument to be his voluntary act and deed. The certificate of the officer indorsed on the mortgage in question does not show that the mortgagors voluntarily executed the instrument, and the acknowledgment is therefore fatally defective. (*Becker v. Anderson*, 11 Neb., 493; *Spitznagle v. Vanhessch*, 13 Id., 338.)

In *Becker v. Anderson* the certificate of acknowledgment stated that the mortgage was acknowledged by the mortgagor. It was ruled that the acknowledgment was a nullity.

In the second case cited the certificate of the officer attached to the deed shows that the grantors "acknowledged that they executed the same." The certificate was held invalid.

Under the authority of these cases the plaintiff acquired no rights or equities by virtue of the recording of the mortgage.

The plaintiff claims that the appellant is not a *bona fide* purchaser for value, and therefore the deed cannot take

priority over the mortgage. The case of *Merriman v. Hyde*, 9 Neb., 113, is cited to sustain the proposition. In that case Thomas H. Hyde and wife on the 11th day of March, 1872, executed and delivered to Merriam a mortgage upon certain real estate in the city of Lincoln to secure the payment of a specified sum of money. Subsequently, but prior to the recording of the mortgage, Hyde and wife, without consideration and with the fraudulent intent to cheat the plaintiff, conveyed the premises to their infant son Edward B. Hyde. It was held that "an unrecorded mortgage takes precedence of a subsequent conveyance by the mortgagor without consideration." To the same effect is *Snowden v. Tyler*, 21 Neb., 199.

With the holding in those cases we are content, but they do not control the case at bar. The deed from Hoyt and wife to the appellant, while the consideration therein named was nominal, was executed and delivered prior to the making of the mortgage. The deed was valid and binding between the parties. Under the recording act a deed, until recorded, is void only as to creditors of the grantor and subsequent purchasers without notice, whose deeds, mortgages, or other instruments are first recorded. (Comp. Stats., chap. 73, sec. 16.) While a voluntary deed is void as to a subsequent purchaser for value without notice, it is good against a subsequent grantee with notice. This proposition is fully sustained by the weight of decisions in this country. (*Aiken v. Bruen*, 21 Ind., 137; *Chaffin v. Kimball*, 23 Ill., 36; *Stevens v. Morse*, 47 N. H., 532; *Gregory v. Haworth*, 25 Cal., 653; *Gardner v. Cole*, 21 Ia., 205; *Duhme & Co. v. Young*, 3 Bush, 343; *Beal v. Warren*, 2 Gray, 447; *Putnam v. Story*, 132 Mass., 205; *Black v. Thornton*, 31 Ga., 641.)

It devolved upon the appellee to prove not only that the mortgage was given for a valuable consideration, but that at the time he had neither actual nor constructive notice of the existence of the deed. The proof fails to show that

the plaintiff did not have actual notice of the deed when he accepted the mortgage, and he is therefore not protected.

The question of fraudulent intent in making the deed does not arise in this case. No such issue is made in the pleadings or evidence. Fraud will not be presumed, but must be pleaded and proved. (*Ensign v. Roggencamp*, 13 Neb., 301; *Turner v. Killian*, 12 Id., 580.) There is not a line in the testimony tending to establish that the Hoyts were insolvent, or that they were indebted to any one at the date of the conveyance to appellant. No testimony was offered to show the value of the lots covered by the deed. So far as the record before us shows they may have been of but little value. The small consideration expressed in the deed does not of itself raise a presumption of fraud. Section 20 of chapter 32, Compiled Statutes, entitled "Frauds," provides that the question of fraudulent intent in all cases arising under the provisions of this chapter shall be deemed a question of fact and not of law, and no conveyance or charge shall be adjudged fraudulent as against creditors or purchasers solely on the grounds that it was not founded on a valuable consideration.

The deed has priority over the mortgage. The judgment of the district court is modified so far as it gives the appellee a lien on the lots described in the deed, and the title to said lots is quieted in appellant.

JUDGMENT ACCORDINGLY.

THE other judges concur.