GEORGE WARNICK, APPELLEE, v. SILAS LATTA, APPEL-
LANT.

FILED APRIL 16, 1895.   No. 5514.

Quieting Title: CANCELLATION OF CONTRACT: REVIEW: SUFFI-
CIENCY OF EVIDENCE.   On this appeal the only question pre-
sented being the sufficiency of the evidence to sustain the de-
cree of the district court, and a full consideration of all the
proofs being found to justify such decree, it is affirmed.

APPEAL from the district court of Phelps county.   Heard
below before BEALL, J.

*C. H. Roberts* and *E. M. Palmer,* for appellant.

*J. R. Patrick, contra.*

RYAN, C.

In the district court of Phelps county this action was
begun for the purpose of removing from the title of plaint-
iff to certain land a cloud alleged to exist from the records
of that county disclosing the following contract, to-wit:

"We, L. D. Vanderhoof and J. H. Johnson, being duly
appointed and authorized agents of Mrs. B. Bartlett to
sell N. W. ¼ of sec. 28, town 6 north, of range 18 W.,
having been appointed by Mrs. Bartlett in writing, and
after request to sell the same for thirty-eight hundred dol-
lars, we have sold the said tract of land to S. A. Dravo and
Silas Latta on the first day of June, 1887, for thirty-eight
hundred dollars, all cash, and payments to suit Mrs. Bart-
lett, having received from Dravo and Latta fifty dollars and
their agreement to settle the rest as soon as a deed is deliv-
ered to Vanderhoof & Johnson, Dravo and Latta assuming
mortgage, but mortgage to be deducted from the original
purchase price; and the said Dravo and Silas Latta agree
to purchase said land upon the terms heretofore mentioned

and pay said sum of thirty-eight hundred dollars, assuming
said mortgage as a part thereof.

"Mrs. B. Bartlett,

"By Vanderhoof & Johnson,

"*Her Agents.*

"S. A. Dravo & Silas Latta.

"Dated June 1, 1887."

There were filed separate answers by S. A. Dravo and
Silas Latta. In substance, the answer for S. A Dravo was
a disclaimer of any interest in himself by reason of having
received a promissory note for two hundred dollars from
Mrs. Bartlett in consideration of releasing her from the
above contract. In addition to the above averments of the
answer of Dravo, he, at considerable length, disclaimed that
in settling and receiving the $200 note, he in any way rep-
resented or concluded Mr. Latta. By the answer of Latta
it was admitted that the contract was made in the terms
above set out and had been filed for record in the county
clerk's office of Phelps county, and that plaintiff had re-
ceived a warranty deed from Mrs. Bartlett, but it was al-
leged that the deed was received with actual and construct-
ive notice of the rights of Latta. There was also an offer
to pay $1,900 to Mrs. Bartlett, and a prayer for a decree
requiring conveyance to Silas Latta. There was a decree
in favor of George Warnick as against Latta, who alone
appeals.

There is no room for question that the decree quieting
all claim of the appellant was right, for it was satisfactorily
shown that Warnick purchased without actual notice of the
existence of the above copied contract. It is scarcely nec-
essary to observe that, without being witnessed or acknowl-
edged, this instrument should not have been recorded, and
that if, nevertheless, the county clerk did record the same,
the mere fact that without authority it was placed upon
the record would not constructively impart notice of its
contents. It scarcely admits of doubt that the payment of

the $200 consideration to Dravo by note was made and received in settlement of the claims made both by Dravo and Latta, and that the present litigation is due solely to the fact that Dravo now retains as his own the entire proceeds of the note turned out to him. In effecting the transfer of title from Mrs. Bartlett to Mr. Warnick, Dravo made out the necessary deed and, in advance, passed upon the title which thereby would be vested in Mr. Warnick. The existence upon the records of the above contract he regarded as of little consequence, for, before this time Latta had withdrawn the earnest money which he had paid to Mrs. Bartlett's agents above named, and as Dravo assumed, the rights of Latta thereby ceased to exist. After this action was begun Dravo withdrew his proportion of the earnest money deposited with the agents of Mrs. Bartlett, and thenceforward he has done all he could to enable Mr. Latta to obtain an amount equal to that which he himself had received. In view of all the facts disclosed in evidence, we are at a loss to understand why any portion of the costs was taxed against Warnick. In this court he has not complained, doubtless because he wished to avoid delays, yet this omission precludes relief. When the case is remanded to the district court for further proceedings it will not be inappropriate, neither will it be too late, to move for a retaxation of costs, if such course is deemed advisable. The judgment of the district court is

AFFIRMED.