J. C. WILSON, APPELLEE, V. HENRY GRIESS ET AL., APPELLEES, IMPLEADED WITH FARMERS' STATE BANK OF SARONVILLE, APPELLANT.

FILED MAY 21, 1902. No. 11,666.

Commissioner's opinion, Department No. 2.

1. **Bank:** NOTE: COLLECTION: RENEWAL: INCLUDING ANOTHER DEBT: DIRECT PECUNIARY INTEREST. A national bank, which held a note of $490 for collection, belonging to another bank, of which it was a large stockholder, took a renewal thereof and included in such renewal note an amount of its own unsecured debt against the maker sufficient to make the amount of the renewal note $815.45, and at the same time obtained a mortgage upon the homestead of the debtor, signed by himself and wife, to secure the payment of the said renewal note. *Held,* That the national bank and its stockholders had a direct pecuniary and beneficial interest in the transaction.

2. **Acknowledgment:** ASSISTANT CASHIER: MORTGAGE VOID. The assistant cashier of such bank, who was also a director and stockholder thereof, was the notary public before whom the mortgage was acknowledged. *Held,* That he could not lawfully take such acknowledgment; that he was disqualified to act as such officer on account of his direct pecuniary interest in the matter, and that the acknowledgment and the mortgage were both void.

APPEAL from the district court for Hamilton county. Heard below before SORNBORGER, J. *Affirmed.*

*Thomas H. Matters,* for apppellant.

*Hainer & Smith,* contra.

BARNES, C.

One J. C. Wilson commenced an action in the district court of Hamilton county against Henry Griess and Christina Griess, his wife, the Farmers' State Bank of Saronville, Nebraska, Jacob Griess and the Sutton National Bank, to foreclose a certain mortgage for $350, executed by Henry Griess and Christina Griess upon the southwest quarter of section 27, township 9 north, range 5 west, situated in said county. The petition for foreclosure was in the usual form; service was made upon all of the defendants, and the Farmers' State Bank of Saronville filed its answer in the nature of a cross-petition praying for the foreclosure of a mortgage alleged to have been executed to it by the defendants Henry Griess and Christina Griess, upon the same tract of land to secure the payment of a promissory note for $815.45, dated June 2, 1894. Default was taken against the defendants, Henry Griess and Christina Griess, and on the 8th day of December, 1896, a decree was rendered foreclosing the mortgage of the plaintiff, Wilson, and also the mortgage belonging to the Farmers' State Bank of Saronville. The amount found due said bank was not inserted in the decree, and afterwards, on the 29th day of September, 1897, it was agreed in open court by and between the defendants Henry Griess and Christina Griess and the Farmers' State Bank of Saronville that so much of the decree as related to the mortgage of the bank should be vacated, and that the defendants Henry Griess and Christina Griess be allowed twenty days to plead to its said answer and cross-petition. The cross-petitioner was allowed ten days thereafter to reply, and thereupon the cause was continued until the next term of

·court.  In accordance with the said arrangements, the
answer of Henry Griess and Christina Griess to the answer
and cross-petition of the bank was duly filed.  It was
alleged in the said answer that the mortgage set out in the
answer and cross-petition of the bank described the home-
stead of the answering defendants; that the same was
never executed by them knowingly, but was obtained by
means of fraud, misrepresentation and deceit practiced
upon them by and through the First National Bank of
Sutton; that the notary who took the acknowledgment. of
the mortgage was an officer, director and stockholder of
the First National Bank of Sutton; that said bank and the
said notary had a direct pecuniary beneficial interest in
the transaction; that the note and mortgage in question
was not owned by, and was not the property of, the bank
of Saronville, but was in fact and in truth the property
of the First National Bank of Sutton, which, it was
alleged, was the real party in interest in the case.  Usury
and numerous other defenses were also pleaded in the
answer, and many transactions between the answering de--
fendants and the First National Bank of Sutton were set
forth at large in the pleadings, and it was alleged that the
First National Bank of Sutton ought to be made a party
to the suit.  The answer concluded with a prayer that the
said bank be made a party; that summons be served upon it;
that it be required to answer, and that an accounting be
had between the answering defendants and the said banks:
that the mortgage be declared void and held for naught;
and that the answering defendants recover from the First
National Bank of Sutton whatever sum should be found
due them from the said bank on a full and complete ac-
counting in regard to all of the transactions set forth in
the answer.  Thereupon the First National Bank of Sut-
ton was made a party defendant, and filed its answer to
the answer and cross-petition of Henry Griess and Chris-
tina Griess.  The Farmers' State Bank of Saronville filed
a reply to said answer, and upon the issues thus joined the
cause was tried to the court.  After the introduction of

the evidence the court took the case under advisement, and at a succeeding term made a general finding for the defendants Henry Griess and Christina Griess, and by its decree dismissed the cross-petition of the Farmers' State Bank of Saronville, with costs. Thereupon the said bank brought the case to this court on appeal.

A large amount of evidence was taken upon the trial bearing upon all of the questions raised by the pleadings, and a portion of said evidence will be hereinafter noticed. If the acknowledgment of the mortgage in question is void, the decree of the district court must be affirmed. We will now proceed to determine that question.

1. It is contended by the appellees that the acknowledgment of the mortgage is void because the land described therein is the homestead of Henry Griess and his wife, Christina Griess; that Theodore Miller, the notary who took the acknowledgment, was at the time an officer, director and stockholder in the First National Bank of Sutton; that said bank was the real party in interest; and that said bank and the said Miller had a direct pecuniary beneficial interest in the transaction. It is the established law of many of the states that where the officer taking an acknowledgment of a mortgage has a direct pecuniary or beneficial interest in obtaining the same he is disqualified thereby, and the acknowledgment is void. This rule of law is commented upon, and in fact acknowledged and approved, by this court in *Horbach v. Tyrrell,* 48 Nebr., 514, and *Havemeyer v. Dahn,* 48 Nebr., 536. We will now examine the record and evidence herein, and determine whether or not this case comes within this well-settled rule. The evidence shows without conflict that on and before the 2d day of June, 1894, the First National Bank of Sutton held a note against Henry Griess for $1,592, besides some other items of unsecured indebtedness; that it had in its possession, as agent for the appellant, a note signed by Henry Griess for $490 which was also unsecured; that at said time Theodore Miller, the notary public who took the acknowledgment to the mortgage in question, was a di-

rector and stockholder in said National Bank, and was its assistant cashier; that one M. L. Luebben was its cashier; that the said National Bank owned a large amount of the stock of the Farmers' State Bank of Saronville, and that cashier, Luebben, was the vice-president of said last named bank; that the First National Bank was largely interested in the Saronville bank and helped it to loan its money. It is also shown that at that time Henry Griess owned the northwest quarter of section 27, and also the southwest quarter of that section, which is the land in controversy; and that he resided upon said southwest quarter with his wife, Christina Griess, and the other members of the family; and that for many years it had been, and was at said time, his homestead; that a short time prior to the said 2d day of June, Miller had been out to the farm to visit Griess and wife, and had told Griess that he could get him a loan of $1,800 upon the north quarter of his land, which would take up a mortgage of $1,000 about to become due thereon, and give him, the said Griess, $800 to apply upon his other debts; that Griess and his wife had agreed to come into the bank and make an application for the loan, or execute a mortgage upon the north quarter of their land, and thus perfect the loan. It is shown further that in accordance with said arrangement Griess and his wife went to the bank on the 2d day of June, aforesaid, where they found Miller and Luebben; that such proceedings were had and arrangements made that Griess and wife executed a note for $1,881 to the First National Bank of Sutton, and secured its payment by a mortgage upon the north quarter of their land, thus covering the amount due on the $1,592 note and some other items which were not clearly explained; and in addition thereto it appears that they executed another note for $815.45 to the Farmers' State Bank of Saronville, and secured the payment thereof by a mortgage upon their homestead, to wit, the southwest quarter of section 27, which note and mortgage are the ones in question in this suit. The note for $490 which the National Bank held for the Saronville Bank

was a part of the consideration of this note and mortgage
for $815.45. The balance of the consideration was made
up of certain unsecured items of indebtedness which the
National Bank owned and held against Henry Griess. The
note for $490 was also an unsecured debt. By taking this
note for $815.45 and the mortgage securing the payment
of the same, there was thus secured a debt of $490, with
interest, belonging to the Farmers' State Bank of Saron-
ville, and an additional amount sufficient to make up the
$815.45 of unsecured indebtedness belonging to the First
National Bank of Sutton. Thereupon the First National
Bank credited the Farmers' State Bank with the amount
of the $490. The balance of the $815.45 was clearly and
undoubtedly the property of the First National Bank, and
remained so until the note was transmitted to the Farmers'
State Bank, and settlement made for it between them. It
is not claimed that the Farmers' State Bank of Saronville
ever had any interest in the indebtedness which made up the
$815.45 note, except that evidenced by the $490 note. On
June 8, 1894, the First National Bank charged the Farm-
ers' State Bank with the amount of the $815.45 note, and
gave the Farmers' State Bank credit for the $490 note,
with interest thereon; the Farmers' State Bank subse-
quently made corresponding entries upon its books. The
question arises, did the First National Bank of Sutton
have a direct pecuniary and beneficial interest in the note
of $815.45, and the mortgage securing the same when they
were executed, and was Theodore Miller, the director,
stockholder and assistant cashier of the bank, competent
to take the acknowledgment of the mortgage? It can not
be contended, in the face of these undisputed facts, that
the First National Bank of Sutton did not have a direct
pecuniary interest in the note for $815.45 and the mortgage
securing the same. It was directly interested in nearly
one-half of the consideration which made up this note.
Besides it secured that amount of unsecured indebtedness,
which certainly was a matter of pecuniary interest to it.
It secured for the appellant at least $490 of an unsecured

indebtedness, and was thus enabled to turn over the note and mortgage to the appellant, and receive as a cash credit the amount of its own direct interest in the transaction. In addition thereto, being a large stockholder of the appellant bank, there would indirectly accrue to it the benefits derived from the collection of the balance of the note. The notary, Miller, was not only a director, and assistant cashier of the First National Bank, but he was also a stockholder thereof. The stockholders of a banking corporation are the persons, and the only persons, directly interested in its assets and in the collection of the moneys due it. Therefore, not only was the First National Bank directly interested in a pecuniary way in this transaction, but the stockholder Miller also had a direct pecuniary beneficial interest therein.

2. In *Horbach v. Tyrrell*, and *Havemeyer v. Dahn, supra,* both in the syllabi and in the body of the opinions, it is conceded as a general proposition that an officer who is a party to a conveyance or interested therein is disqualified from taking the acknowledgment of a mortgage in which he has a beneficial interest. In the case of *Workman's Mutual Aid Ass'n v. Monroe,* 53 S. W. Rep. [Tex.], 1029, the notary taking the acknowledgment of a contract creating a lien upon the homestead was a director and stockholder in the association obtaining the lien, and it was held that the acknowledgment was void because he had a pecuniary interest in the transaction. In *Bexar Building & Loan Ass'n v. Heady,* 50 S. W. Rep. [Tex.], 1079, the notary was secretary and a stockholder of the association. It was held that an acknowledgment taken by him was void because he had a direct pecuniary beneficial interest in the transaction. In *Kothe v. Krag-Reynolds Co.,* 50 N. E. Rep. [Ind.], 594, it was held that an acknowledgment of a mortgage taken by a notary who was a stockholder and officer in the corporation which was the mortgagee was void, both irrespective of the statute and also under the express provisions thereof prohibiting an officer of a corporation from acting as a notary in its business. This

is a well-considered case, and collates a large number of authorities holding to the same effect. In *Smith v. Clark,* 69 N. W. Rep. [Ia.], 1011, it was held that an acknowledgment of a mortgage taken by a notary who is a stockholder in a bank which is a beneficiary under the mortgage is void. In this case the mortgage was not taken to the bank, but to another, to secure an indebtedness which was subsequently to be paid to the bank, and yet it was held that an acknowledgment taken by the notary, who was simply a stockholder in the bank, rendered it void. In *Miles v. Kelley,* 40 S. W. Rep. [Tex.], 599, it was held that a managing agent and stockholder in a building and loan association could not take an acknowledgment of a mortgage to the association, because of his pecuniary interests therein. It is contended by the appellant that because the interest of the First National Bank of Sutton in the note and mortgage in controversy was small, that no such beneficial interest in a pecuniary way would accrue to Miller, the cashier, stockholder and director of said bank, as would render him disqualified, by reason thereof, to take the acknowledgment. We hold that this is not a question of degree or amount of interest; that, if there was any beneficial interest in a pecuniary way which would accrue to Miller by reason of these transactions, he was disqualified from taking the acknowledgment to the mortgage in question. Ordinarily, a mortgage is good between the parties thereto without an acknowledgment; but in this case the land was a homestead, and under the express provisions of our own statutes it could not be conveyed or encumbered without the acknowledgment of the wife, made in full compliance with all the requirements of the law in that behalf. It follows that, if the acknowledgment is void, then the mortgage itself is void, and the decree of the district court dismissing the appellant's cross-petition is right. We are constrained to hold that the First National Bank of Sutton had such a direct pecuniary and beneficial interest in the note and mortgage in suit as rendered its cashier, director and stockholder disqualified from taking

the acknowledgment in question herein. We further hold that the mortgage was void for want of a legal acknowledgment. This renders it unnecessary for us to discuss or determine any of the other questions presented by the record herein.

For the foregoing reasons we recommend that the decree of the district court be affirmed.

OLDHAM and POUND, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.