REQUESTED BY: R. J. Barnica, Morrill County Attorney, Bridgeport, Nebraska.
May a Register of Deeds refuse to record an instrument presented to him for filing which is obviously a copy?
Yes.
You have asked whether a register of deeds may refuse to record an instrument which is obviously a copy. We conclude that a register of deeds may refuse to record instruments which are obviously copies of original instruments. We additionally conclude that a register of deeds may refuse to record instruments presented to him for filing which are not properly executed or acknowledged pursuant to the requirements of the recording statutes.
This opinion specifically overrules and supersedes a recent opinion of this office on this subject to the Gage County Attorney, Opinion of the Attorney General, No. 44, dated March 6, 1979. In that opinion we found that a register of deeds could not refuse to file any instruments presented to him for filing. We have carefully reexamined the issue addressed in that opinion and now find that a register of deeds may refuse to record instruments presented to him for filing which are not executed or acknowledged in accordance with the recording statutes. This opinion readopts the conclusion and reasoning of a previous Attorney General's opinion dated February 27, 1946, found on page 35 of the Report of the Attorney General, 1945-1946.
The general duties of a register of deeds are set out in Neb.Rev.Stat. § 23-1506 (Reissue 1977), which provides, in pertinent part:
 "The register of deeds . . . shall also record, or cause to be recorded, in suitable books, all deeds, mortgages, instruments, and writings presented to him for recording, and left with him for that purpose. . . ."
It could be argued that the foregoing statute makes it the duty of a register of deeds to record all instruments purporting to affect title to real estate or purporting to convey real estate, even though such instruments are wholly unacknowledged. However, we believe such an interpretation is manifestly too broad.
We do not construe Neb.Rev.Stat. § 23-1506 (Reissue 1977) as making it the duty of a register of deeds to record improperly executed or unacknowledged instruments. Until such instruments are properly executed and acknowledged, they are not what they are called or purport to be and are thus not entitled to be recorded. Eggert v. Ford,150 P.2d 719 (1944).
Neb.Rev.Stat. § 76-211 (Reissue 1976) requires the following:
 "Deeds of real estate, or any interest therein, in this state, except leases for one year or for a less time, if executed in this state, must be signed by the grantor or grantors, being of lawful age, and be acknowledged or proved and recorded as directed in sections 76-216 to 76-237."
In addition, Neb.Rev.Stat. § 76-241 (Reissue 1976) provides:
 "All deeds, mortgages and other instruments of writing shall not be deemed lawfully recorded unless they have been previously acknowledged or proved in the manner prescribed by statute."
The Supreme Court of Nebraska has frequently held that an instrument which was not acknowledged or proved in the manner prescribed by the recording statutes does not operate as constructive notice, even though recorded. DawsonCounty State Bank v. Purland, 114 Neb. 605, 209 N.W. 243
(1926); Warnick v. Latta, 44 Neb. 807, 62 N.W. 1097
(1895); Keeling v. Hoyt, 31 Neb. 453, 48 N.W. 66 (1891). In Warnick v. Latta, supra, the court, in discussing the effect of recordation of an unacknowledged instrument, stated:
 ". . . It is scarcely necessary to observe that, without being witnessed or acknowledged, this instrument should not have been recorded, and that if, nevertheless, the county clerk did record the same, the mere fact that without authority it was placed upon the record would not constructively impart notice of its contents. . . ." Id. at 808.
Since acknowledgment is a statutory condition precedent to recordation in Nebraska, it is our opinion that a register of deeds may refuse to record an instrument which is not acknowledged or which is defectively acknowledged.
It follows from the above discussion that a mere copy of an original instrument is not entitled to be recorded and a register of deeds may thus refuse to record it. Such an instrument would obviously not comply with the requirements of Neb.Rev.Stat. § 76-211 (Reissue 1976). A copy would not be acknowledged, although it would depict a copy of the original acknowledgment. It has been found that the recording of a copy of an instrument instead of the original, which might itself have properly been recorded, is invalid if not authorized by statute, and the record so made is therefore not notice to third parties. 66 Am.Jur.2d, Records and RecordingLaws, § 128, p. 419; Rehm v. Reilly, 297 P. 147
(1931).
Please note that Neb.Rev.Stat. § 76-247 (Reissue 1976) provides that duly authenticated and certified copies of the record of any power shall be entitled to recording. This is the only time that the statutes allow the recording of copies.
In conclusion, it is our opinion that a register of deeds may refuse to record instruments which are mere copies of original instruments and instruments which are not executed or acknowledged in accordance with the recording statutes.