# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No. 10-6016

_____

| | | |
|---|---|---|
| In re: BowlNebraska, L.L.C.; | * | |
| Husker Bowl, | * | |
| | * | |
| Debtors | * | |
| | * | Appeal from the United States |
| BowlNebraska, L.L.C., | * | Bankruptcy Court for the |
| | * | District of Nebraska |
| Plaintiff - Appellee | * | |
| | * | |
| v. | * | |
| | * | |
| Omaha State Bank, | * | |
| | * | |
| Defendant - Appellant | * | |

_____

Submitted: May 28, 2010
Filed: July 1, 2010

_____

Before KRESSEL, Chief Judge, FEDERMAN and VENTERS, Bankruptcy Judges

FEDERMAN, Bankruptcy Judge

Omaha State Bank appeals from the order of the Bankruptcy Court declaring that the Bank's deeds of trust on the Debtor's real property were not properly acknowledged and recorded under Nebraska law and declaring such deeds of trust void. For the reasons that follow, the judgment is REVERSED.

BowlNebraska, L.L.C., is a Nebraska limited liability company and is currently a debtor-in-possession in a Chapter 11 bankruptcy case. Prior to entering bankruptcy, in September 2006, BowlNebraska borrowed $7,745,000 from Omaha State Bank and provided a deed of trust as security. The deed of trust was signed by Steve Sempeck and Theodore Baer as members of BowlNebraska, and the signatures were notarized by Christopher Maher, who is the president of Omaha State Bank and the brother-in-law of Baer. That deed of trust was modified in April 2007 to increase the principal amount to $8,045,000 and was signed and notarized by the same parties. BowlNebraska borrowed an additional $1,000,000 in November 2008 and executed a second deed of trust. The second deed of trust was signed only by Baer on behalf of BowlNebraska, and that signature was again notarized by Maher. At the same time, the first deed of trust was again modified, this time to reduce the principal amount to $6,500,000. That modification was signed by Baer and notarized by Maher. All of the instruments were recorded by the Douglas County Register of Deeds. BowlNebraska defaulted on the promissory notes, and the Bank began foreclosure proceedings by filing notices of default with the Register of Deeds in June 2009. BowlNebraska filed this Chapter 11 bankruptcy case in December 2009.

BowlNebraska filed an adversary proceeding seeking in the alternative to either have the liens declared void, or to avoid the Bank's liens pursuant to § 544. The Bank answered and moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).[1] The Bankruptcy Court entered an Order and Judgment on March 15, 2010, in which it denied the Bank's motion for judgment on the pleadings and, concluding that the question of whether the acknowledgments were effective under Nebraska law was determinative of the case, and that such determination could be made on the pleadings, the Court entered judgment in favor of BowlNebraska. In so doing, the Court found that the deeds of trust were not properly acknowledged under Nebraska law and therefore void. The Bank appeals.

---

[1] Fed. R. Civ. P. 12(c), made applicable here by Fed. R. Bankr. P. 7012.

We review findings of fact for clear error, and legal conclusions *de novo.*[2]

Although the bankruptcy court decided that the liens were void *ab initio*, the Debtor has conceded here that the deeds of trust would, outside of bankruptcy, be valid between the Debtor and the Bank. Therefore, we here consider the alternative basis relied upon in the Complaint, namely that the liens are avoidable under the strong-arm provision of the Bankruptcy Code. Section 544(a)(3) of the Code provides that "the trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid the transfer of any property of the debtor or any obligation incurred by the debtor that is voidable by . . . a bona fide purchaser of real property . . . whether or not such purchaser exists."[3] BowlNebraska, as a debtor-in-possession, has the same right and power to avoid liens as does a trustee under § 544.[4]

The question of whether the Debtor, holding the rights and powers of a bankruptcy trustee, is to be treated as a bona fide purchaser is determined based on Nebraska law.[5] Pursuant to Nebraska law, "[a]ll deeds, mortgages and other instruments of writing shall not be deemed lawfully recorded unless they have been previously acknowledged or proved in the manner prescribed by statute."[6] If the

---

[2] *First Nat'l Bank of Olathe v. Pontow (In re Pontow),* 111 F.3d 604, 609 (8th Cir. 1997); *Sholdan v. Dietz (In re Sholdan),* 108 F.3d 886, 888 (8th Cir. 1997); Fed. R. Bankr. P. 8013.

[3] 11 U.S.C. § 544(a)(3).

[4] 11 U.S.C. § 1107(a).

[5] *Ameriquest Mortgage Co. v. Stradtmann (In re Stradtmann)*, 391 B.R. 14, 18 (B.A.P. 8th Cir. 2008) ("The rights and definition of a bona fide purchaser are determined by state law.") (citing *Williams v. Marlar (In re Marlar)*, 252 B.R. 743, 752 (B.A.P. 8th Cir. 2000)).

[6] Neb. Rev. Stat. § 76-241.

acknowledgment on such a document is defective, the document is not properly recorded.[7] In interpreting Nebraska law, the Eighth Circuit has held that a mortgage which did not contain an acknowledgment of the mortgagor's execution and appearance was "fatally defective."[8] Moreover, "[t]he filing and recording of a mortgage is not constructive notice to a trustee in bankruptcy, unless there has been a substantial compliance with the requirements of the state statute as to acknowledgment."[9] Consequently, the Eighth Circuit held, if a party must rely on the constructive notice afforded by the recording or attempted recording of the mortgage, such mortgage could not be sustained.[10]

Here, the Bankruptcy Court held that the acknowledgments on the deeds of trust were defective because Nebraska law provides that "[a] notary public is disqualified from performing a notarial act . . . if the notary is a spouse, ancestor, descendent, or sibling of the principal, including in-law, step, or half relatives."[11] Since Maher is Baer's brother-in-law, he was disqualified from acknowledging Baer's signature. In addition, as to the original deed of trust which had also been signed by Sempeck, the

---

[7] *Id.*; Neb. Rev. Stat. 76-1017 (trust deeds, "when acknowledged as provided by law, shall be entitled to be recorded . . . ."); *See Wilson v. Greiss* 90 N.W. 866, 867 (Neb. 1902) (holding that the recording of a mortgage without a proper acknowledgment was void); *Keeling v. Hoyt*, 48 N.W.66 (Neb. 1891) (holding that an acknowledgment which did not show that the mortgagor voluntarily executed the instrument was fatally defective and, under the recording act at the time (which is similar to the current version), until a deed is recorded, it is valid only as to creditors and subsequent purchasers with notice of the "unrecorded" instrument).

[8] *Troyer v. Mundy*, 60 F.2d 818, 820 (8th Cir. 1932) (suit by trustee in bankruptcy to set aside a warranty deed). *See also Heelan v. Hoagland*, 7 N.W. 282 (Neb. 1880) (holding that the record of unacknowledged deed of assignment is nullity, furnishing no protection to assignee).

[9] *Id.*

[10] *Id.*

[11] Neb. Rev. Stat. § 64-105.01.

4

Court held that Maher's disqualification as notary extended to Sempeck as well. In other words, the relationship between Maher and Baer tainted the entire document. Since the acknowledgments were defective, the bankruptcy court held, the recording of the deeds of trust was a nullity.

Many of the arguments on appeal relate to the Court's determination that Maher's relationship with Baer rendered all of the acknowledgments defective under Nebraska law. However, we need not decide that issue here because we conclude that the recorded notices of default would provide a bona fide purchaser with notice that the Bank was claiming some interest in the property, regardless of whether the recorded deeds of trust met all the filing requirements.

At the outset, the Bank moved to supplement the appellate record to include the notices of default as part of the record. It states that it requested the Bankruptcy Court to take judicial notice of the notices, but that such notices were not part of the Bankruptcy Court's electronic record because the case was decided on the Bank's motion for judgment on the pleadings, on which there was no hearing. BowlNebraska did not oppose the Bank's motion to supplement the appellate record. As a result, the motion will be granted and we will consider the notices of default as part of the record here.

The Nebraska Supreme Court has said that a defective acknowledgment renders the recording invalid.[12] And, the Eighth Circuit held in *Troyer v. Mundy* that such an invalid recording imparts no constructive notice to a bankruptcy trustee.[13] However, as stated, BowlNebraska concedes that, as between it and the Bank, the deeds of trust are not void;[14] rather, the sole issue here is whether the recorded documents, which

---

[12] *Wilson v. Greiss*, 90 N.W. at 867; *Keeling v. Hoyt*, 48 N.W. 66.

[13] 60 F.2d at 820.

[14] *Accord Lindquist v. Ball*, 441 N.W.2d 590 (Neb. 1989).

include the notices of default, would provide a bona fide purchaser with notice of the Bank's liens. No one here disputes that the notices of default were validly acknowledged and recorded.

Section 76-238 of the Nebraska statutes provides:

> All deeds, mortgages, and other instruments of writing which are required to be or which under the laws of this state may be recorded, shall take effect and be in force from and after the time of delivering such instruments to the register of deeds for recording, and not before, as to all creditors and subsequent purchasers in good faith without notice. All such instruments are void as to all creditors and subsequent purchasers without notice whose deeds, mortgages, or other instruments are recorded prior to such instruments. However, such instruments are valid between the parties to the instrument.[15]

Section 76-238 requires filing in the office of the register of deeds, but "it also provides that a filing is ineffective, when the statute is not followed, only as to those *without notice*. We interpret this to mean actual or constructive notice."[16]

> A good faith purchaser of land is one who purchases for valuable consideration without notice of any suspicious circumstances which would put a prudent person on inquiry. The burden of proof is upon a litigant who alleges that he or she purchased the property for value and without notice. This burden includes proving that the litigant was without notice, actual or constructive, of another's rights or interest in the land.[17]

---

[15] Neb. Rev. Stat. § 76-238.

[16] *How v. Baker*, 388 N.W.2d 462, 465 (Neb. 1986) (emphasis in original).

[17] *Caruso v. Parkos*, 637 N.W.2d 351, 359 (Neb. 2002). *See also How v. Baker*, 388 N.W.2d at 466 ("A good faith purchaser of land is one who purchases for valuable consideration without notice of any suspicious circumstances which would put a prudent

The parties disagree on the question of whether, assuming that the Bankruptcy Court was correct that the defective acknowledgments rendered the recording of the deeds of trust a nullity, the recorded deeds of trust constituted constructive notice in light of the Eighth Circuit's decision in *Troyer v. Mundy*.

We will assume for these purposes that BowlNebraska's interpretation of *Troyer v. Mundy* is correct, and that the defectively-acknowledged deeds of trust, although recorded, would not impart a trustee with constructive notice of the Bank's interest. We need not decide that issue here, however, because, even assuming for these purposes that the recorded deeds of trust did not provide constructive notice of the Bank's liens, the notices of default constitute suspicious circumstances which would put a prudent person on inquiry that the Bank claimed an interest in BowlNebraska's property. In addition, Nebraska law provides that a "notice of default, . . . when acknowledged as provided by law, shall be entitled to be recorded, and shall, from the time of filing the same with the register of deeds for record, impart notice of the contents thereof, to all persons, including subsequent purchasers and encumbrancers for value."[18] The notices of default here were properly acknowledged, properly recorded, and contained information about the deeds of trust. Again, BowlNebraska does not dispute the validity of the deeds of trust themselves; rather, it only claims that the recording of them was defective. Therefore, even ignoring the recording of the deeds of trust entirely, we conclude that a prudent person seeing the

___

man on inquiry. The burden of proof is upon a litigant who alleges that he is a good faith purchaser to prove that he purchased the property for value and without notice."); *Bowman v. Griffith*, 53 N.W. 140, 141 (Neb. 1982) ("A *bona fide* purchaser is one who purchases for value without notice of the equities of third parties.").

[18] Neb. Rev. Stat. § 76-1017.

notices of default would have inquired about the Bank's interest in the property. As a result, the notices of default constituted constructive notice.[19]

As a result, BowlNebraska has failed to demonstrate that it was without actual or constructive notice of the Bank's interest and thus a bona fide purchaser under Nebraska law. Consequently, it could not avoid the Bank's liens pursuant to § 544(a)(3). The Bankruptcy Court's judgment in favor of BowlNebraska, avoiding the Bank's liens, is, therefore, REVERSED. The Motion to Supplement the Appellate Record is GRANTED.

––––––––––––––––––

[19] *Accord In re Frost*, 384 B.R. 781, 785-86 (Bankr. S.D. Ohio 2008) (holding that, under Ohio law, a lis pendens provided constructive notice of the lender's interest in the debtor's property and prevented a hypothetical buyer from obtaining bona fide purchaser status and, as a result, the trustee could not avoid a defective mortgage under § 544(a)(3)); *In re Suggs*, 355 B.R. 525, 527-28 (Bankr. M.D. N.C. 2006) (holding that, under North Carolina law, a lis pendens provided the trustee with constructive notice of the defect in the property's title and, therefore, precluded the trustee from exercising his § 544(a)(3) strong-arm powers); *In re Borison*, 226 B.R. 779, 787-88 (Bankr. S.D. N.Y. 1998) (holding that, under Oklahoma law, a lis pendens placed the trustee on actual or constructive notice of a party's interest, and prevented the trustee from avoiding it under § 544); 5 Collier on Bankruptcy ¶ 544.02[2] ("[W]here there are matters of record giving constructive notice of a competing interest – for example, because of proper filing, a divorce decree, a pending divorce proceeding, a lis pendens or an inquiry notice of a prior claim – the trustee is precluded from successfully using the avoiding powers.") (citations omitted).