TREVETT, MATTIS & BAKER COMPANY V. HARRY A. REAGOR
ET AL.: V. S. HALL, APPELLANT: STATE BANK
OF BLADEN, APPELLEE.

FILED JULY 18, 1924. No. 22853.

1. **Homestead:** CONVEYANCE. "The homestead of a married ·person cannot be conveyed or incumbered unless the instrument by which it is conveyed or incumbered is executed and acknowledged by both husband and wife." Comp. St. 1922, sec. 2819.

2. **Acknowledgment:** MORTGAGE ON HOMESTEAD. A mortgage upon a homestead acknowledged by a notary public who was likewise an officer and stockholder of the corporation, mortgagee, is void.

3. **Homestead:** INVALID MORTGAGE. A mortgagee, holding a mortgage upon a homestead, properly executed and acknowledged by husband and wife, may ordinarily take advantage of the invalidity of a prior mortgage upon the homestead which is invalid because not properly acknowledged.

APPEAL from the district court for Webster county: LEWIS H. BLACKLEDGE, JUDGE. *Reversed, with directions.*

*Bernard McNeny,* for appellant.

*F. J. Munday, contra.*

Heard before MORRISSEY, C. J., DAY, GOOD and THOMPSON, JJ.

DAY, J.

The record presents a contest between V. S. Hall and the State Bank of Bladen, two mortgagees, each claiming a prior lien upon the mortgaged premises. The action was brought by plaintiff to foreclose a mortgage upon certain lands executed by Harry A. Reagor and his wife, the then owners of the premises. Subsequently the title to the land was conveyed to Kate Crow, who with her husband executed the mortgages to Hall and the State Bank. A number of parties claiming interests in the lands were made defendants, who in cross-petitions set up their various claims. The court found, and entered a decree accordingly, that the plaintiff's mortgage was a first lien upon the

premises; that the mortgage of defendant Baker was a second lien; that the mortgage set out in the first count of Hall's cross-petition was a third lien; that the mortgage of the State Bank was a fourth lien; and that the Hall mortgage as set out in his second cause of action was a fifth lien. This last-described mortgage will be referred to hereinafter as the Hall mortgage. The defendant Hall has appealed from that part of the decree adjudging that his mortgage was a fifth lien on the premises, and junior and inferior to the mortgage of the State Bank.

The record shows that the Hall mortgage was dated April 29, 1921, and was recorded August 31, 1921. The mortgage of the State Bank was executed May 7, 1921, and recorded on May 10, 1921. The testimony is clear that, at the time of the execution of the bank's mortgage, it had no notice of the existence of the Hall mortgage. The bank's mortgage having been recorded first would be a superior lien over the Hall mortgage, if the question of priority is to be determined solely by the provisions of the recording act.

It is the contention of appellant, Hall, that the bank's mortgage is void because not properly acknowledged. The record shows that, at the time of the execution of the bank's mortgage, the premises conveyed by the mortgage were the homestead of the mortgagors, and that mortgagors were husband and wife. It also appears that the notary who took the acknowledgement was at the time an officer and stockholder in the mortgagee bank. Section 2819, Comp. St. 1922, which was in force at the time of the execution of the mortgage, provides as follows: "The homestead of a married person cannot be conveyed or incumbered unless the instrument by which it is conveyed or incumbered is executed and acknowledged by both husband and wife." Ordinarily, a mortgage is good between the parties thereto without an acknowledgement; but where the premises sought to be conveyed or incumbered are the homestead of a married person, then by the plain provisions of the statute an acknowledgement is a necessary part of the instru-

ment. In *Solt v. Anderson,* 71 Neb. 826, it was held: "The acknowledgement by both husband and wife of an instrument whereby it is sought to convey or incumber a homestead is an essential step in the due execution of such instrument."

In *Wilson v. Griess,* 64 Neb. 792, an assistant cashier of a bank, who was also a director and stockholder thereof, took an acknowledgement of a mortgage on a homestead, the bank having a beneficial interest in the mortgage. The mortgagors attacked the validity of the mortgage. It was held that the notary could not lawfully take the acknowledgement; that he was disqualified to act as such officer on account of his direct pecuniary interest in the matter; "and that the acknowledgement and the mortgage were both void." In *Chadron Loan & Building Ass'n v. O'Linn,* 1 Neb. (Unof.) 1, it was held: "A mortgage upon a homestead acknowledged by a notary who was likewise an officer and stockholder of the corporation, mortgagee, is invalid." To the same effect, see *Horbach v. Tyrrell,* 48 Neb. 514; *Hedbloom v. Pierson,* 2 Neb. (Unof.) 799.

It appears that the mortgagors made no objection to the validity of the mortgage. The State Bank now contends that Hall has no standing to urge the invalidity of the mortgage; and that this question could be raised only by the mortgagors. The decisions upon this precise point are not numerous. It is clear that mortgagors had the right to set up the invalidity of the mortgage, and it would seem that any one in privity with them would have the same right. In *Dye v. Mann,* 10 Mich. 291, it was held: "A subsequent mortgagee whose mortgage is executed by both husband and wife may take advantage of the invalidity of a mortgage given by a married man upon his homestead without his wife's signature. Such mortgage by the husband alone is void for all purposes, and not merely as to the homestead interest." This principle is sustained in *Dorsey v. McFarland,* 7 Cal. 342; *Hill v. Alexander,* 2 Kan. App. 251; *Whelan v. Adams,* 44 Okla. 696. In *Bolton v. Oberne, Hosick & Co.* (79 Ia. 278), 44 N. W. 547, it was held:

"Since the conveyance of a homestead by a husband, in which his wife does not join is declared by the Code of Iowa, section 1990, to be void, such conveyance, when made to a daughter, may be attacked by any one having an interest in the property, though all the beneficiaries to the homestead have apparently acquiesced in the conveyance since it was made." It would seem, therefore, that Hall stood in such relation of privity with the mortgagors that he had the right to plead the invalidity of the bank's mortgage.

The State Bank, in its answer and cross-petition, alleged that the Hall mortgage was invalid because the mortgagors did not sign the mortgage in the presence of the attesting witness. This objection is not sustained by the evidence. While there is some testimony which tends to show that the Hall mortgage was not signed in the presence of the subscribing witness, the weight of the testimony, as we view it, is to the contrary. The subscribing witness stated positively that the mortgage was signed in his presence by the mortgagors.

No complaint is made as to the amount due upon the respective mortgages. Upon a consideration of the entire record, we are of the opinion that the Hall mortgage should have been decreed a fourth lien upon the premises. In view of the fact that the mortgagors are making no complaint, the State Bank's mortgage should be decreed a fifth lien.

The judgment of the district court is reversed and the cause remanded, with directions to enter judgment in accordance with the views herein expressed.

REVERSED, WITH DIRECTIONS.

Note—See acknowledgements, 1 C. J. p. 806, sec. 113; Homesteads, 29 C. J. p. 908, sec. 304; p. 925, sec. 333.