TILLIE ANDERSON, APPELLEE, V. ROY J. CUSACK ET AL.,
APPELLANTS: FIRST STATE BANK OF NORTH BEND,
APPELLEE.

FILED JUNE 1, 1927. No. 24325.

1. **Homestead:** CONVEYANCE: VALIDITY. "A contract in writing
to convey a homestead, which has been signed by both husband
and wife, but which they have not acknowledged, is void, and will
not be in any way enforced. The homestead means something
more than and different from the $2,000 exemption which the
statute allows the homestead claimant as against the claims of
creditors; it means the actual home of the family, including the
land and buildings which constitute the same, and the posses-
sion and ownership of all which may be successfully defended
by either husband or wife during the marriage state against
the independent acts of either, and against the void acts of
either, or both." *Anderson v. Schertz*, 94 Neb. 390.

2. ————: INVALID MORTGAGE. "A mortgagee, holding a mort-
gage upon a homestead, properly executed and acknowledged
by husband and wife, may ordinarily take advantage of the
invalidity of a prior mortgage upon the homestead which is
invalid because not properly acknowledged." *Trevett, Mattis
& Baker Co. v. Reagor*, 112 Neb. 470.

3. *Mudra v. Groeling*, 89 Neb. 829, examined and distinguished.

APPEAL from the district court for Dodge county: LOUIS
LIGHTNER, JUDGE. *Affirmed.*

*Cain & Johnson* and *R. A. Robinson*, for appellants.

*J. J. Gleeson* and *Dolezal, Spear, Mapes & Stevens*, contra.

Heard before GOSS, C. J., ROSE, DEAN, DAY, GOOD,
THOMPSON and EBERLY, JJ.

THOMPSON, J.

This suit was instituted by appellee, hereinafter called
plaintiff, against her husband, Andrew D. Anderson, and
appellants Roy J. Cusack, and the First National Bank of
North Bend, hereinafter called the bank, to have a mort-
gage then appearing of record in Dodge county on 120 acres
of land situate therein, claimed by plaintiff as the home-
stead of herself, husband, and family, declared void and

such Cusack and the bank forever enjoined from enforcing the same. After the issues were duly joined, trial was had to the court, and judgment in favor of plaintiff entered as prayed, to reverse which Cusack and the bank appeal.

The questions presented for our consideration are: Was such mortgage void for want of a legal acknowledgement? If void, was it so as to the entire tract, or only to the extent of a $2,000 in value homestead interest therein either to be set apart to plaintiff and her family in cash or an equivalent in land? Was the plaintiff estopped by the facts pleaded from questioning the validity of such mortgage?

The facts reflected by this record show without question that, at the dates involved, prior thereto and ever since, such tract was owned and occupied by plaintiff, her husband and their minor children as a home, and was in fact their homestead under the laws of this state; that prior to the date of the mortgage in question the husband had become indebted to the bank at numerous times, which indebtedness was evidenced by notes amounting in number to seven, and totaling about $11,000; that Cusack was a stockholder, president, and business manager of the bank at the time and long prior thereto; that on the date of this transaction, to wit, December 29, 1919, Cusack became desirous of having this indebtedness in some way secured to the bank, and so informed the husband, and in furtherance thereof Cusack drafted the mortgage, which is in the usual form of such instruments, and the note of $11,000 secured thereby, each thereof running to him; that afterward each was signed by the plaintiff and her husband, and Thomas H. Fowler, a notary public, who was at the time a stockholder in the bank and its cashier, was called to witness and acknowledge the same, which he did in the usual form, so far as is indicated by the mortgage; that the note and mortgage were then left with the bank as the owner and holder thereof, and the bank procured the mortgage to be recorded and then returned to it, where such note and mortgage have since remained. While this note and mortgage ostensibly appear to be the property of Cusack, the evidence shows that each

thereof is in fact that of the bank, and was so understood
to be by Cusack and all parties concerned at the time, the
mortgage being taken in Cusack's name for convenience of
the bank, and not otherwise, and as collateral security of
the notes previously signed by the husband heretofore re-
ferred to. Thus, we find the note and mortgage to be the
property of the bank, and the notary taking the acknowl-
edgement to have been at the time directly financially in-
terested in the transaction. Being thus directly interested,
he was disqualified as such notary to act. The land covered
by such mortgage having been found to be the homestead
of the mortgagors, and the notary taking the acknowledge-
ment being disqualified, under our holdings in construing
section 2819, Comp. St. 1922, which provides that "The
homestead of a married person cannot be conveyed or in-
cumbered unless the instrument by which it is conveyed or
incumbered is executed and acknowledged by both husband
and wife," such mortgage was void as to the entire tract,
and the trial court did not err in so entering judgment.
*Chadron Loan & Building Ass'n v. O'Linn,* 1 Neb. (Unof.)
1; *Trevett, Mattis & Baker Co. v. Reagor,* 112 Neb. 470. We
are further supported in this conclusion by the following:
In *Lichty v. Beale,* 75 Neb. 770, we held: "An executory
contract for the sale of a homestead, made by either hus-
band or wife without joinder by the other, is void as to the
whole homestead tract, without regard to value, and not
only will specific performance of it not be decreed, but a
breach of it will not afford a cause of action for damages."

In the course of the opinion in the last cited case, on page
772, it is stated: "In the last of these cases (*Teske v. Ditt-
berner,* 70 Neb. 544) there is a very elaborate and exhaus-
tive review of the authorities and of the principles involved,
by the former Chief Justice Holcomb, and the doctrine is
emphatically reaffirmed that such a contract is void as to
the whole homestead tract, as well as to the reversionary
interest, and this in both instances, without regard to value.
* * * That this conclusion is sound and essential to the
protection and preservation of the homestead right and is

in accordance with the manifest spirit, if not the strict letter, of the statute, we have not the least doubt, so that we are constrained to hold that the contract in suit, in so far as it treats of the homestead tract of the plaintiff, is wholly void."

In *Anderson v. Schertz,* 94 Neb. 390, we held: "A contract in writing to convey a homestead, which has been signed by both husband and wife, but which they have not acknowledged, is void, and will not be in any way enforced. The homestead means something more than and different from the $2,000 exemption which the statute allows the homestead claimant as against the claims of creditors; it means the actual home of the family, including the land and buildings which constitute the same, and the possession and ownership of all which may be successfully defended by either husband or wife during the marriage state against the independent acts of either, and against the void acts of either, or both."

This holding is affirmed by us, as to the homestead tract, in *Davis v. Merson,* 103 Neb. 397, and is now the settled law of this state.

Appellants cite as controlling in this case, *Mudra v. Groeling,* 89 Neb. 829. We have examined the facts as reflected by the opinion as written, and it is sufficient to say that such facts are materially different from those in this case; hence, the conclusion reached therein is without force here.

As to the question of estoppel: Plaintiff was clothed with the authority to prosecute this action. The indebtedness evidenced by the notes to which the $11,000 note in question was to be held as collateral was in no manner a debt or obligation owing by her to the bank. Neither it nor Cusack was in any manner misled by her to their injury, and both of them were possessed of full knowledge of all the facts entering into or in any manner connected with the execution and delivery of such mortgage. They each knew the premises to be the homestead of the plaintiff, her husband and family; they each knew that the note and mortgage

Anderson v. Cusack.

were the property of the bank and of no other person; they each knew that it was so understood by all parties connected with the execution and delivery thereof. The bank and its president could not be heard to say that they did not know that the notary was a stockholder and cashier of the bank, and an interested party in the procuring and delivery of such note and mortgage, and thus disqualified to act. The unfortunate situation in which they found themselves was one of their own seeking, and in no manner urged upon them by either the plaintiff or her husband. On this proposition the record fully sustains the judgment of the trial court.

Futher, at the instance of the bank, Cusack and plaintiff, the First State Bank of North Bend, which at the time owned two notes, each secured by mortgage on this same 120 acres of land executed and delivered to it by plaintiff and her husband, was made a party defendant, and by way of answer and cross-petition it challenged the authority of the notary to take the acknowledgement to the mortgage here in question. The trial court found the two mortgages of the First State Bank to be in full force and effect, and sustained its challenge to the mortgage running to Cusack. This finding is in harmony with our holding in *Trevett, Mattis & Baker Co. v. Reagor, supra,* wherein we stated: "A mortgagee, holding a mortgage upon a homestead, properly executed and acknowledged by husband and wife, may ordinarily take advantage of the invalidity of a prior mortgage upon the homestead which is invalid because not properly acknowledged." Hence, the court was not only within the law applicable to the facts in finding in favor of the plaintiff as to this mortgage in question, but was also within the law in holding such mortgage void on the cross-petition of the First State Bank.

The judgment of the trial court is right and is in all things

AFFIRMED.