STEPHEN A. KUHLE, APPELLEE, V. FARMERS STATE BANK OF
COTESFIELD, APPELLANT.

STATE, EX REL. O. S. SPILLMAN, ATTORNEY GENERAL, V.
FARMERS STATE BANK OF COTESFIELD: I. A. KIRK,
RECEIVER, APPELLANT: STEPHEN A. KUHLE,
CLAIMANT, APPELLEE.

FILED JUNE 1, 1927. No. 25822.

1. Banks and Banking: CLAIMS AGAINST GUARANTY FUND: BUR-
DEN OF PROOF. "A holder of a certificate of deposit in a bank
who seeks. to hold the guaranty fund liable for its payment
must show that the transaction leading up to the issuance of the
certificate was such that the law holds the guaranty fund liable
for its payment." *State v. Farmers State Bank*, 111 Neb. 117.

2. Estoppel. The estoppel. pleaded is without force under the record
herein disclosed.

3. Banks and Banking: GUARANTY FUND. Neither banks nor their
officers can impose a liability upon the guaranty fund; such obli-
gation is one fixed by statute alone.

APPEAL from the district court for Howard county:
BAYARD H. PAINE, JUDGE. *Affirmed.*

*C. M. Skiles, Taylor & Spikes* and *Albert S. Johnston*, for
appellant.

*H. G. Wellensick, contra.*

Heard before GOSS, C. J., ROSE, DAY, GOOD, THOMPSON
and EBERLY, JJ.

THOMPSON, J.

The Farmers State Bank, as its name indicates, is a cor-
poration organized for the purpose of, and at the dates of
the claimed deposits in this case was, conducting business
at Cotesfield. Afterwards it was adjudged insolvent, and
a receiver was appointed to wind up its affairs. Kuhle filed
a claim, based on an alleged certificate of deposit, for $2,000
with interest thereon at 5 per cent. from February 9, 1925,
the date of such certificate, to the date it became due, to
wit, August 9, 1925, and 7 per cent. interest thereafter, and

prayed that the same and each item thereof be ordered paid out of the guaranty fund. To the issue thus presented the receiver interposed a general denial, and the claimant by way of reply pleaded an estoppel as to the bank and its officers. Trial was had to the court, and judgment rendered, in substance, finding that such certificate was issued by the bank to claimant for a check drawn by A. J. Bandura (at the time cashier, a stockholder, and director of the bank) on this bank for $2,000, of the date of the certificate, and that Bandura's account in the bank at the time showed a balance of $2,019.89, but that only $1,400 thereof represented a *bona fide* deposit, and that the latter with 5 per cent. interest thereon for one year should be allowed, to wit, $1,470, which amount was ordered paid out of the guaranty fund, and the remainder of the claim was disallowed; from which allowance the receiver appeals, and from such disallowance the claimant files a cross-appeal.

We have carefully examined the contentions of the parties as evidenced by their respective briefs, and also reviewed the transcript and bill of exceptions, and are convinced that the judgment of the trial court was the only judgment that could have been entered under this record. To detail the facts which lead us to this conclusion would serve no useful purpose, and might involve interests not before us for determination.

Thus, we determine that the claimant has met the burden cast upon him as to the $1,400, but has failed to meet such burden as to the rejected $600. This conclusion is in harmony with our holding in *State v. Farmers State Bank,* 111 Neb. 117.

The estoppel pleaded is without force under the record herein disclosed. Neither banks nor their officers can impose a liability upon the guaranty fund; such obligation is one fixed by statute alone. *State v. Farmers State Bank,* 112 Neb. 380.

The judgment of the trial court is right, and is, in all things,

AFFIRMED.