ERNEST QUESNER, APPELLANT, V. ROSIE NOVOTNY, APPELLEE.

FILED OCTOBER 21, 1927. NO. 25649.

George W. Wertz, W. M. Cain and Frank Dolezal, for appellant.

A. R. Oleson, contra.

Heard before GOSS, C. J., DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

DAY, J.

Ernest Quesner brought this action against Rosie Novotny and certain minor heirs of Emil and Rosie Novotny, and Rosie Novotny as executrix, to foreclose a real estate mortgage upon 160 acres of land in Cuming county. The petition was in the usual form. The answer interposed three defenses: First, that the mortgage was void because given upon a homestead and the acknowledgment taken before an officer and stockholder of the Howells State Bank, which, it is charged in the answer, was the real party in interest; second, that an action at law had been commenced to collect the debt secured by the mortgage; and, third, that usury had been exacted.

This case was before us on a former occasion, being reported in 113 Neb. 827, in which the judgment of the district court, denying a foreclosure of the mortgage, was presented. At the outset, it was discovered the plaintiff had failed to introduce any evidence, in the trial court, sustaining the allegations that no proceedings at law had been commenced for the recovery of the debt. This was a necessary part of his proof under the statute and repeated decisions of this court. In the interest of justice, we remanded the cause to the district court to permit the plaintiff, if he chose, to adduce proof in support of his allegation that no proceedings at law had been

commenced to collect the debt. This additional proof has been taken and we have the case now before us for consideration, *de novo,* upon all of the issues.

The record shows that on January 22, 1921, Emil Novotny, his wife, Rosie Novotny, and Thomas Novotny executed a note to the plaintiff for $10,000 payable one year after date with interest at the rate of 10 per cent. per annum from date until paid. On the same day Emil Novotny and his wife, Rosie, executed a mortgage in favor of plaintiff upon a quarter section of land in Cuming county to secure this note. The mortgage also covered another note for $2,200, but the latter note was paid and is not in controversy here. The mortgage was given upon the homestead of Emil Novotny and his wife. On March 10, 1921, Emil Novotny died leaving surviving him his widow, Rosie, and six minor children, named as defendants.

The mortgage was acknowledged before L. R. Coufal, a notary public who at the time was an officer and stockholder of the Howells State Bank. It is the contention of the defendant that, while the note and mortgage ran in favor of the plaintiff, the bank was the real party in interest and therefore Coufal was disqualified from taking the acknowledgement and the mortgage was void. We have frequently held that—"A mortgage upon a homestead, acknowledged by a notary who was likewise an officer and stockholder of the corporation, mortgagee, is invalid." *Chadron Loan & Building Ass'n v. O'Linn,* 1 Neb. (Unof.) 1; *Horbach v. Tyrrell,* 48 Neb. 514; *Trevett, Mattis & Baker Co. v. Reagor,* 112 Neb. 470; *Anderson v. Cusack,* 115 Neb. 643. We think, however, the proofs in the present case failed to show that the bank was the real party in interest in the note and mortgage. It is true that Novotny was owing the bank, but the testimony shows the mortgage was given to borrow money from Quesner to pay off his debts to the bank. The defendants, in an argument, cast aspersion upon the *bona fides* of the transaction as being a personal loan made by plaintiff, but we think the evidence fully sustains plaintiff's theory that it was a personal loan made

by him to Novotny, in which the bank had no interest. Under the facts disclosed by the record, Coufal was a qualified officer to take the acknowledgment to the mortgage.

It is next urged by defendants that plaintiff cannot prosecute proceedings to foreclose the mortgage because he has pending, in the county court, a claim involving the same debt, for allowance against the estate of Emil Novotny. The argument is made that, having elected to proceed against the estate, plaintiff thereby waived his mortgage security. The question presented involves an examination of the facts on this phase of the case.

As before stated, the mortgage was executed to plaintiff January 22, 1921. Novotny died March 10, 1921. On March 18, 1921, Quesner sold the note and mortgage to the Howells State Bank, which on June 22, 1921, filed a claim against the Novotny estate based on this note. This claim was withdrawn by the bank. Quesner repurchased the note and mortgage from the bank on March 27, 1922, and a few days later commenced a foreclosure proceeding. The record fails to show the date of the filing of the original petition, but an amended petition was filed May 6, 1922. On December 18, 1922, Quesner filed a claim against the Novotny estate, based on the $10,000 note, in which he stated, in substance, he had instituted proceedings to foreclose the mortgage, and that the district court had held the mortgage was void and of no effect, but he intended to appeal.

Objections were filed to the allowance of the claim by Rosie Novotny, executrix, upon the grounds that it was filed too late; and by commencing an action to foreclose the mortgage, he had elected to proceed against the security and is now estopped from making any claim against the estate. The county court overruled the objections and allowed the claim as a contingent claim for future determination as to the amount due thereon, after the claimant shall have exhausted his mortgage security upon the real estate belonging to Emil Novotny. Do these facts preclude the plaintiff from proceeding to foreclose his mortgage? Under the

general title, "Foreclosure of Mortgages," section 9210, Comp. St. 1922, it is said:

"After such petition shall be filed, while the same is pending, and after a decree rendered thereon, no proceedings whatever shall be had at law for the recovery of the debt secured by the mortgage, or any part thereof, unless authorized by the court."

Section 9212 reads as follows: "Upon filing a petition for the foreclosure or satisfaction of a mortgage, the complainant shall state therein whether any proceedings have been had at law for the recovery of the debt secured thereby, or any part thereof, and whether such debt, or any part thereof, has been collected and paid."

Section 9213 provides: "If it appear that any judgment has been obtained in a suit at law for the money demanded by such petition, or any part thereof, no proceedings shall be had in such case, unless, to an execution against the property of the defendant in such judgment, the sheriff or other proper officer shall have returned that the execution is unsatisfied in whole or in part, and that the defendant has no property whereof to satisfy such execution except the mortgaged premises."

It will be observed that these several provisions of the statute are for the protection of the debtor and to prevent the probability of two judgments being rendered against him for the same debt. In none of these provisions, however, is the mortgage security released. In one of them, where a judgment has been obtained, it is necessary that the judgment creditor exhaust his legal remedy by execution before proceeding to foreclose the mortgage.

Under the facts in this case, plaintiff commenced his action of foreclosure before filing his claim in the county court, and in so doing disclosed the full facts. The county court has not allowed the claim as a direct claim against the estate, but has left it for determination after the mortgage security has been exhausted. In no proper sense has the claim been allowed. We see no objections to this procedure, as the rights of defendants are fully protected.

The filing of the claim was a precautionary measure to prevent the limitation fixed by the court from expiring and also to guard against the possibility that the mortgage would ultimately be declared void.

In *National Life Ins. Co. v. Fitzgerald,* 61 Neb. 692, the court had before it a situation somewhat analogous to this case and it was held: "A mortgagee may, after the death of the mortgagor, institute a suit to foreclose his mortgage, and the mere filing in the county court of the mortgage debt as a claim against the decedent's estate while the foreclosure suit is pending will not operate as a release or discharge of the mortgage." The facts in the present case bring it within the reasoning of the above quoted rule. Under the facts of this record and the law, as we understand it, the plaintiff is not precluded from prosecuting his action to foreclose the mortgage.

It is also urged by defendants that the contract was usurious, and if foreclosure is allowed the amount should be for the face of the loan only. The note called for the payment of 10 per cent. from date until paid. The mortgage contained a clause as follows:

"It is expressly provided and agreed that the mortgagor herein shall and will pay all taxes levied upon this mortgage, or the debt secured thereby, together with any other taxes or assessments which may be levied under the laws of Nebraska against the said mortgagee or the legal holder of the said principal note * * * on account of this indebtedness."

The precise question here presented has been recently determined in *Stuart v. Durland,* 115 Neb. 211. In that case it was held: "A mortgage which, by its express terms, requires the mortgagor to pay the maximum legal rate of interest on the debt which it secures, and, in addition, to pay the taxes upon the mortgagee's interest in the mortgaged premises is 'usurious.'" The contract being usurious, the plaintiff is not entitled to collect any interest upon the note and mortgage.

From what has been said, it follows that plaintiff is en-

titled to a judgment foreclosing his mortgage for the amount of the face of the loan. The judgment of the district court is reversed and the cause remanded with directions to enter a judgment of foreclosure in accordance with this opinion.

REVERSED.