STATE, EX REL. C. A. SORENSEN, ATTORNEY GENERAL, V. STATE BANK OF BEE, E. H. LUIKART, RECEIVER, APPELLEE: ANTON SEMRAD, ADMINISTRATOR, ET AL., INTERVENERS, APPELLANTS.

FILED MARCH 8, 1935. No. 29209.

*H. A. Bryant* and *Charles H. Hood,* for appellants.

*F. C. Radke, Barlow Nye* and *Thomas, Vail & Jones,* contra.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER. JJ.

GOSS, C. J.

The receiver of the State Bank of Bee duly classified the claim of Vaclav Cink and Anna Cink as invalid. The claim was based upon their certificate of deposit for $2,500, dated July 2, 1930, due in 12 months with interest at 4 per cent. To raise the issue, they filed their petition of intervention setting forth the certificate (but not pleading

that there was no other or different contract between them and the bank than that evidenced by the certificate itself) and praying classification as a deposit. Vaclav Cink died after the petition of intervention was filed and the cause was duly revived as to him in the name of Anton Semrad, administrator with the will annexed.

The receiver moved to strike the petition on the ground that it did not state facts sufficient to constitute a cause of action or to present a claim to priority over the claims of general creditors. The court sustained this motion and gave interveners permission to amend instanter by interlineation. Interveners complied by amending so as to allege that "there was no agreement, written or otherwise, for interest on said certificate in excess of 4 per cent. per annum nor did interveners receive interest in excess thereof." The answer of the receiver merely admitted the issuance of the certificate of deposit by the bank and his classification of it, but denied each and every other allegation in the petition of intervention.

On the trial interveners proved title and ownership of the certificate and rested without further proof. The receiver demurred to the evidence, and the court sustained the demurrer on the ground that, under the Nebraska decisions, the interveners had not sustained the burden entitling them to priority over general creditors of the bank. Interveners appealed.

The assignments of error are that the judgment is contrary to the law and the evidence and is not sustained by the evidence.

Our Code of Civil Procedure (Comp. St. 1929, sec. 20-837) provides: "In an action, counterclaim, or set-off, founded upon an account, promissory note, bill of exchange, or other instrument for the unconditional payment of money only, it shall be sufficient for the party to give a copy of the account or instrument, with all credits and indorsements thereon, and to state that there is due to him on such account or instrument, from the adverse party, a specific sum, which he claims with interest."

The interveners pleaded just that, but were in effect directed by the court to negative the exception in section 8-140, Comp. St. 1929, preventing deposits made after April 1, 1926, from being entitled to priority of payment from the assets, if there be an agreement, direct or indirect, to pay more than 4 per cent. interest thereon. They complied with the order and so pleaded, but offered no proof other than the certificate, which provided for the payment of interest on the deposit at the legal rate of 4 per cent.

In making this ruling as to the amendment of the petition and in the judgment on the merits, we apprehend the district court relied upon the language in *State v. Security State Bank of Eddyville,* 116 Neb. 223, where, in the first point of the syllabus, it was said:

"One who claims to have deposited money in a state bank, commercial, and seeks to have such claim allowed and ordered paid out of the depositors' guaranty fund after the bank has become insolvent and the receiver thereof has objected to it as an invalid claim, must prove, not only that a deposit of money or its equivalent was made, but, further, that it was made under circumstances which do not transgress specific limitations of the bank guaranty law."

We do not think the term "burden of proof" so often used in the opinion just cited and in cases used in the argument in the opinion, was there employed in the sense that is sought to be applied by the appellee here. It said nothing about the burden of pleading the claim to be free of any of the inhibitions of the statute as resting, in the first instance, upon the claimant who sought in that case to have his deposit paid out of the guaranty fund. In fact, in that case the question was first raised by a pleading of the receiver, objecting to the allowance of the claim on the ground that there was a collateral agreement on the part of the bank, when the money was deposited, that the officers of the bank would write and assist solicitors of claimant, an insurance company, to write insurance policies.

Thereupon the insurance company filed its answer to these objections, which answer was really a reply, denying that the money was deposited under any collateral agreement. The bill of exceptions is not accessible, but the transcript and briefs, which remain a part of the permanent records of this court, show that the evidence was entirely stipulated. There is an indication that the order of proofs followed the pleadings; that is, the deposit was stipulated and then the letters that passed between claimants and the bank officers were stipulated, indicating to the satisfaction of the trial court, and, on review *de novo,* to this court, that the weight of the evidence, or the preponderance of the evidence, favored the defense pleaded by the receiver for the bank.

The first case cited as to the "burden of proof" in the *Security State Bank of Eddyville* case is *State v. Farmers State Bank of Halsey,* 111 Neb. 117. Only the following, from page 122 of that opinion, was quoted: "A holder of a certificate of deposit in a bank who seeks to hold the guaranty fund liable for its payment must show that the transaction leading up to the issuance of the certificate was such that the law holds the guaranty fund liable for its payment." This was said *arguendo* and is nowhere reflected in the syllabus of the case, where the law is supposed to be stated. There is nothing in the opinion in *State v. Farmers State Bank of Halsey,* 111 Neb. 117, to suggest that the pleading followed any other than the customary course wherein the claimants set up their claim and the receiver pleaded his defenses under the statute.

The opinion in the *Security State Bank of Eddyville* case also cites, as its last authority on the particular point, *Kuhle v. Farmers State Bank of Cotesfield,* 115 Neb. 648, as containing in syllabus No. 1 a reaffirmation of *State v. Farmers State Bank of Halsey,* 111 Neb. 117. That syllabus is an exact quotation of what we have in the paragraph last above quoted and stated, was said *arguendo,* and not made a part of the syllabus of the case in which it originated.

So it seems perfectly clear that what was said about the "burden of proof" in *State v. Security State Bank of Eddyville, supra,* and cases cited therein and analyzed here, was not necessary to those decisions and was not really intended to establish a requirement that the plaintiff need plead and in the first instance prove, in compliance with section 20-837, Civil Code, heretofore quoted, more than the existence of a deposit, in the instant case evidenced by a certificate of deposit, in his favor. It then becomes the duty of the receiver of the bank, if it be a fact, to plead and to offer proof of some infringement of the statute inhibiting the allowance of a claim for a deposit. If there has been an agreement to pay an unlawful rate of interest or an agreement that the bank render some prohibited service in consideration of the deposit, or if there exist some other collateral agreement, the books and accounts, the correspondence and the files of the bank would probably show evidences thereof, all of which would be accessible to the receiver and would be easily interpretable by him and his employees trained in such matters. While, in such a case as that before us, where an original claimant has died, the evidence could not be readily obtained. The certificate of deposit in this case was *prima facie* evidence of a lawful deposit. If it was based upon an illegal agreement in some form or other denounced by a statute, it was, we think, the duty of the receiver to plead and offer proof upon such point. That is the conventional method of pleadings and proof.

Under the subject of pleading statutory exceptions and provisos, R. C. L. has this to say: "But when the exception is contained in a proviso, and not in the enacting clause, the party pleading the statute need not negative the exception. It is for the other party to set it up in avoidance of the general provisions of the statute." 21 R. C. L. 463, sec. 29, citing *Cram v. Chicago, B. & Q. R. Co.,* 84 Neb. 607.

"Ordinarily, a plaintiff need not in his complaint anticipate or negative a possible defense. He is required to

state only such facts as will constitute, *prima facie*, a cause of action." 21 R. C. L. 491, sec. 55.

Accordingly, we adopt the following rules:

(1) To make a *prima facie* case on a claim against the receiver of an insolvent state bank, the claimant need only plead and prove ownership of a duly issued certificate of deposit.

(2) It is the duty of the receiver, if he wishes to avail himself of any statutory defense to a duly issued certificate of deposit, to plead and prove such defense.

(3) *State v. Security State Bank*, 116 Neb. 223, *State v. Farmers State Bank*, 111 Neb. 117, 122, and *Kuhle v. Farmers State Bank of Cotesfield*, 115 Neb. 648, so far as they conflict herewith, are overruled.

The judgment of the district court is reversed and the cause remanded for proceedings in harmony with this opinion.

REVERSED.