HARRY I. HYLTON, ADMINISTRATOR, APPELLANT, V. EMMA KRUEGER ET AL., APPELLEES.

277 N. W. 792

FILED FEBRUARY 18, 1938.. No. 30035.

*Benton Perry*, for appellant.

*Campbell & Campbell* and *Mills & Mills, contra.*

Heard before ROSE, EBERLY, DAY, PAINE and CARTER, JJ., and RINE, District Judge.

RINE, District Judge.

This is a suit brought in the district court for Polk county, Nebraska, by the appellant, Harry I. Hylton, as administrator with the will annexed of the estate of Eva Krueger, deceased, hereinafter referred to as plaintiff, to foreclose an equitable lien that plaintiff claims to have upon a half section of land in Polk county, Nebraska, for accrued annuity payments which plaintiff contends were reserved to the grantors in a deed of conveyance to which further reference will be made later in this opinion. The following facts are alleged in the petition:

On April 11, 1917, August Krueger and his wife, Eva Krueger, were the owners of the real estate upon which the lien is claimed. Shortly prior to this date Fred Krueger, the son of said owners, died leaving as his heirs his widow, Emma Krueger, and his children, Amanda Bredehoft, Adella Krueger, Harold Krueger, Walter Krueger and Erwin Krueger, all of whom are made defendants. On the 11th day of April, 1917, these owners simultaneously exe-

cuted two instruments. One of these instruments is a contract-lease referred to in the petition as exhibit A. The other is a deed of conveyance referred to in the petition as exhibit B. Exhibit A was filed for record with the county clerk of Polk county, Nebraska, April 27, 1917, at 3:00 o'clock p. m., and exhibit B was filed for record with the county clerk of Polk county, Nebraska, on April 27, 1917, at 3:15 o'clock p. m. Exhibit A is a contract and lease between said August Krueger and Eva Krueger, hereinafter referred to as grantors, and defendant Emma Krueger. It contains a lease and provisions for an annuity. It provides for the leasing of the property involved in this suit to Emma Krueger from April 11, 1917, to May 26, 1937. The lease, however, is to terminate at an earlier date should the defendant Emma Krueger die prior to the death of both of the grantors, or should a default be made in the conditions of the lease. Upon the happening of either of these events, the lease is to terminate immediately. It provides for an annuity payment of $300 a year, payable on or before the 1st day of January, 1918, and on the 1st day of each and every year thereafter, payable first to grantor August Krueger during his lifetime and, in the event of his death prior to the death of grantor Eva Krueger, then payments shall likewise accrue and be made to said Eva Krueger during her lifetime. It provides that these annuity payments are to be made by the defendant Emma Krueger so long as she lives, irrespective of the termination of the lease, and that upon the death of said Emma Krueger "the said children or the guardian of said children shall nevertheless continue so as aforesaid to pay them, the said lessors, or the survivor of them, said annuity of $300 for their support and maintenance."

The contract also sets out that, in consideration of the leasing of the premises to defendant Emma Krueger as provided for therein and the conveyance of the premises by grantors to defendant children, the defendant Emma Krueger renounces, relinquishes and conveys whatever claim she may have, whether well founded or not, in said

premises to the grantor August Krueger. As to the nature of the conveyance to be made to the defendant children, the contract states: "It being understood that said conveyance to the children shall be subject to the said lease and also subject in any event to the annuity agreement in said lease contained."

In exhibit B, the deed of conveyance which is the foundation of defendant children's title to the property in question, there is this reservation: "This conveyance is made subject however to a lease (of said described premises) heretofore made this day by us the said grantors to Emma Krueger the surviving widow of said Fred Krueger, deceased, which contains an annuity contract or agreement in favor of us the said grantors or the survivor of us, *which annuity is hereby reserved.*"

The petition contains the further allegations that said Eva Krueger departed this life on the 6th day of August, 1935, and that the plaintiff is the duly qualified and acting administrator with will annexed of her estate, and that as such administrator he is entitled to the possession of all the assets belonging to said estate; that said Eva Krueger was at the time of her death the surviving widow of said August Krueger who had departed this life on or about the 31st day of May, 1926; that these annuity payments were expressly reserved from the grant of the real estate to said children and were made a lien and a condition upon said grant; that, upon the execution of exhibit B, defendant Emma Krueger and defendant children entered into possession and ownership of said real estate and ever since said date have been the owners of and in possession of said real estate, subject, however, to the annuity payments set forth in the petition; that since the 11th day of April, 1917, the said August Krueger and Eva Krueger during their lifetime had a lien upon the real estate for the full amount of said annuity payments, and that said lien is a part of the assets of the estate of Eva Krueger, deceased; that the title of defendants at all times since said 11th day of April, 1917, has been subject to such lien; that

the annuity payments were made to said August Krueger up to and including the annuity payment due on the 1st day of January, 1926; that said August Krueger died on the 31st day of May, 1926, and that thereupon the annuity payments theretofore made to said August Krueger became due and payable to said Eva Krueger who succeeded to all rights of defendant August Krueger in the premises and became entitled to said payments of said annuity and became the holder of the lien, reservation and charge upon said premises as set forth in plaintiff's petition; that on and after the death of said August Krueger and on and after the 1st day of January, 1926, no payments of said annuity have been made to said August Krueger or to his estate, or to Eva Krueger, or to her estate; that the total sum of the unpaid annuity payments and interest at the time of the death of said Eva Krueger amounted to $3,780, which sum at that time was due, owing and payable, and unpaid, to said Eva Krueger; that no proceedings at law have been filed or have been had against any of the defendants for the recovery of said money or any part thereof. The plaintiff then prays for a determination of the amount due plaintiff on said lien and annuity payments, for judgment against the defendants for the amount found due thereon, and that said judgment in the sum found due plaintiff be decreed to be a first lien upon the real estate involved and prior to any other lien upon said property other than taxes, if any, and for the foreclosure of said lien.

Defendant Emma Krueger filed a demurrer to the petition of plaintiff for the reason that several causes of action had been improperly joined therein. As the question raised by her demurrer is not important here, we will make no further reference thereto. Defendant children filed a demurrer to the petition of the plaintiff for the following reasons and upon the following grounds:

"(1) That the plaintiff's exhibit A and B, attached to and made a part of the plaintiff's petition, neither separately, nor together, constitute the annuity payments pro-

vided in the lease, exhibit A, or reserved in the deed, exhibit B, a lien upon the interest of these defendants in the real estate described in the petition, and that the allegations of the plaintiff's petition that such annuity payments were and are liens or charges thereon are legal conclusions of the pleader.

"(2) That the petition of the plaintiff fails to state facts sufficient to constitute a cause of action against these defendants or any of them."

This demurrer was sustained, and the plaintiff having elected to stand upon his demurrer and refusing to plead further, the case was dismissed, from which action this is an appeal.

For the purposes of this case, all the allegations of the petition well pleaded are assumed to be true.

These two instruments were clearly executed as a part of one transaction. Their context clearly indicates that. They were both executed at about the same time and were filed for record within fifteen minutes of each other, the deed of conveyance being filed last. The contract exhibit A defined what the annuity payments were to be. The deed of conveyance transferred the property involved to defendant children with a reservation in favor of the grantors, which reservation is expressly stated therein. In these circumstances but one conclusion can be drawn; that is, that the grantors never granted away the entire title free of encumbrance to defendant children.

The following principles of law are applicable here: Where a contract and a deed are entered into simultaneously as a part of one transaction, as in this case, and in the contract there is a provision for a stipulated annuity which is referred to in the deed, the effect of such stipulation is the same as if it were in the deed of conveyance. *Peters v. Peters,* 62 S. Dak. 563, 255 N. W. 466. The intention of the grantors in a deed must be interpreted in the light of all the attending circumstances, and where a recorded instrument is referred to in a subsequent deed, it becomes a part of the subsequent deed to the extent necessary to

clarify the provisions of the subsequent deed... Grantees in a deed must take notice of all facts affecting the title to the property granted to them and disclosed to them by a prior recorded instrument. *W. T. Carter & Bro. v. Davis,* 88 S. W. (2d) (Tex. Civ. App.) 596. "Clauses in a conveyance of real property providing for the support and maintenance of a person are usually determined as to their effect by a construction of the entire instrument, one clause may be construed as a personal covenant, another a charge on rents and profits of the land, or another a lien or charge on the land itself." *Marsh v. Marsh,* 200 N. Car. 746, 158 S. E. 400. A grantor has the right to reserve a charge upon land conveyed for the maintenance of the grantor and such charge is a continuing lien upon the title of the grantee. *Bonebrake v. Summers,* 193 Pa. St. 22, 44 Atl. 330. Reservations of the kind involved here are liens on the land and not mere personal charges against the grantees. *Wall v. Wall,* 126 N. Car. 405, 35 S. E. 811. Generally, all reservations in a deed, unless otherwise expressed, operate in favor of grantor. *Burns v. Bastien,* 174 Okla. 40, 50 Pac. (2d) 377. What was said by us in *Bankers Life Ins. Co. v. Ohrt,* 131 Neb. 858, 270 N. W. 497, might with equal force be said of the claimed lien here. There we said: "While it did not constitute a mortgage, yet it was contemplated by the form of the contract and the vehicle through which it was expressed that it should be a charge upon the land." The foregoing cases correctly announce the rule governing this case. Certain rights in this real property were reserved by the grantors in the deed of conveyance. Those rights were never conveyed. They were reserved by the grantors as a charge upon the property conveyed, to assure them that the annuities provided for would be paid.

The petition of the plaintiff stated a cause of action. The trial court erred in sustaining the demurrer of the defendant children and in dismissing the case. The judgment of the trial court is reversed and the cause is remanded to the district court for further proceedings.

REVERSED.